JOHN L. THOMPSON *vs.* FRANK SMITH.

Lincoln.   Opinion February 24, 1887.

*Lobsters.   R. S., c. 40, § 21.   Stat. 1885, c. 258 and c. 275, § 3.*

An action to recover penalties for infractions of the lobster law is not barred by previous criminal proceedings for the same offence before a magistrate, who bound the defendant over instead of trying the complaint himself, the

law giving him no jurisdiction to send the case up. The first proceedings were a nullity.

Where the writ or indictment alleges in one count the illegal possession of a definite number of lobsters, the verdict may be for any number less than the whole number alleged; and the penalties be proportionate with the finding.

The complainant was not under obligation to prove that the lobsters under nine inches long were young lobsters; the word young is used in the statute in a presumptive sense; the law assumes that those under nine inches long are young lobsters.

It is not unlawful to have in one's possession dead lobsters less than nine inches long, if the same lobsters were nine inches or more long when taken alive.

ON exceptions and motion to set aside the verdict and for new trial.

An action of debt to recover the penalties for having in possession six hundred and fifty-five young lobsters under nine inches long, in violation of R. S., c. 40, § 21.

The jury found four hundred and twenty lobsters unlawfully in the possession of the defendant, and rendered a verdict for four hundred and twenty dollars.

*True P. Pierce*, for plaintiff, cited: *Bixby* v. *Whitney*, 5 Maine, 192; *Stevens* v. *Fassett*, 27 Maine, 282; *York* v. *Goodwin*, 67 Maine, 260; 1 Bish. Crim. Law, § § 1013, 1014, 1021; *Com.* v. *Loud*, 3 Met. 328.

*William H. Hilton and Joel P. Huston*, for defendant.

In *Burnham* v. *Webster*, 5 Mass. 268, the court say, that where the plaintiff declared in one count for several penalties, that is, " for each and every of said offences the sum of fifteen dollars, amounting in all to sixty dollars," had the jury returned a verdict for more than one penalty, viz., fifteen dollars, it would have been irregular. Upon like principle the jury in this case, had they found young lobsters unlawfully in the defendant's possession, less than nine inches in length, should not have returned a verdict for more than one dollar.

If the magistrate erred, it is no fault of the defendant, nor should he be made to suffer for it. Even should the proceedings before the magistrate prove no bar to another criminal prosecu-

tion, it should bar this action of debt. This is a civil action and inconsistent with the criminal process instituted before the magistrate. *Canfield* v. *Mitchell*, 43 Conn. 169.

The plaintiff having elected to recover these penalties by complaint and warrant, in the name of the state, irrevocably waived the remedy by action of debt. *York* v. *Goodwin*, 67 Maine, 260; *Wise* v. *Brownstein*, 35 Hun. (N. Y.) 569.

In *Allen* v. *Young*, 76 Maine, 80, the court say: "It has been repeatedly asserted in both ancient and modern cases, that judges may in some cases, decide upon a statute in direct contravention of its terms, that they may depart from the letter in order to reach the spirit and intent of the act;" and cite with approval *Holmes* v. *Paris*, 75 Maine, 559, and cases there cited.

There is no evidence in the case that the lobsters were young. Every essential part of the description must be proved. Allegations of matter of substance must be substantially proved, but allegation of description must be literally proved. *Ackley* v. *Dennison*, 22 Maine, 168.

PETERS, C. J. This action is instituted to recover penalties incurred for infractions of the lobster law. Several questions are presented under the exceptions and motion.

A question arose, preliminarily, whether this action is barred by a previous criminal prosecution. It appears that, before this action was commenced, the defendant was arraigned, for the same offense, before a trial justice, who bound him over to a higher court, although the trial justice had plenary jurisdiction to try the complaint himself. Those proceedings were a nullity, and cannot operate to discharge this action brought for the same offense. They were an attempted, but not a real, prosecution. The defendant has not been, in the constitutional sense, twice tried for the same offense. *Coleman* v. *State*, 97 U. S. 520; *Stevens* v. *Fussett*, 27 Maine, 282. In *Com.* v. *Hamilton*, 129 Mass. 479, a magistrate made precisely the same mistake that was made here, and with the same result.

The defendant contends that it was not competent for the jury to find a verdict for a less number of lobsters than the whole

number declared for. We think a verdict may be for any number from one to the whole number in the declaration, indict-ment or complaint,— and that the fine is to be proportionate to the finding.

The defendant takes the position that there should be no recovery for taking a lobster under nine inches long, unless it be a "young" lobster, contending that there are old "dwarf" lobsters less than that length, which can be legally taken. We think the word "young" in the statute, is used in a presumptive or assumptive sense merely ; that the legislature meant to declare that any lobster under nine inches long should be regarded as a young lobster. The inhibition is against taking any under the prescribed length.

It is contended that it was not illegal to have in one's possession a dead lobster measuring less than nine inches in length, if the same lobster was nine inches or more long when taken alive. We concur in that position. The object of the law is to prevent the taking of small lobsters out of the sea. It requires a restoration into the sea when innocently taken out. In order to carry the primary design more effectually into execution, it is declared to be an offense to have in possession any lobster under the legal length,— without indicating whether the lobster may be dead or alive. It must mean this : That it is illegal for any person to have in his possession a live lobster less than nine inches long, or a dead lobster (no matter what the length) which was less than nine inches long when alive—that is, when taken from the sea. No person can have a lobster in his possession which, when alive, was less than nine inches long. But if a person has in his possession a boiled lobster less than nine inches long, and the same lobster was nine inches long or more when alive, in such case no offense is committed by the possession.

It would be a strange result, if a person could legally take a lobster alive, and legally keep him as long as alive, and be guilty of an offense for possessing the same lobster after it is dead ; if a legal catch can thus become illegal.

Evidence of the length of boiled lobsters is no doubt admissible as indicating the length of the same lobsters before they were

boiled. And the distinction above made becomes immaterial, of course, if boiling a lobster does not in any case diminish its length — does not reduce him from the legal to the illegal length.

Most of the testimony, at the trial of this cause, tended to show that there was no appreciable difference between lobsters when alive and when boiled. The jury, however, made some deduction, evidently, for a supposed difference. Some of the witnesses maintained that, instead of shrinking by boiling, the length of the lobster is increased.

*Exceptions and motion overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.