COMMONWEALTH *vs.* DANIEL W. HAMILTON & another.

Franklin. Sept. 21. — Oct. 22, 1880. COLT & MORTON, JJ., absent.

Neither the judgment of a magistrate, upon a complaint of which he has concurrent jurisdiction with the Superior Court, that the defendant be discharged for want of probable cause to believe him guilty, nor his judgment that there is probable cause to believe the defendant guilty, and that he recognize for his appearance in the Superior Court, can be pleaded in bar to a subsequent indictment for the same offence.

INDICTMENT, found at March term 1880 of the Superior Court, alleging in the first count that the defendants, on February 10, 1880, at Greenfield, tortured a horse by pulling off its

tongue; and, in the second count, that the defendants, on the same day and at the same place, cruelly mutilated a horse by pulling off its tongue.

Hamilton pleaded in bar of the indictment a former acquittal upon a complaint to a trial justice charging him alone with the same offence. The plea referred to a copy of the record of the trial justice, which set forth the complaint, and the order of the magistrate that the defendant be discharged for want of probable cause to believe him guilty.

Both defendants also pleaded in bar of the indictment a former conviction, upon a complaint to a trial justice charging them with the same offence set forth in the indictment. The plea referred to a copy of the record of the trial justice, which set forth the complaint and the finding of the magistrate thereon that there was probable cause to believe the defendants guilty, and an order that they recognize with sureties for their appearance before the Superior Court at March term 1880.

The district attorney filed a replication to each plea, denying in one that the defendant Hamilton had been acquitted of the offence charged in the indictment, and in the other that the defendants had been convicted of the offence set forth in the indictment; and alleging in both that the trial justice only heard and examined into the matter charged in each complaint, for the purpose of holding the accused to bail to await the action of the grand jury.

To these replications demurrers were filed, which were overruled by the Superior Court; and the defendants appealed to this court.

*C. C. Conant & S. D. Conant*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

SOULE, J. The demurrers were properly overruled. The offences charged in the complaints were within the jurisdiction of the trial justice, but his jurisdiction was concurrent with that of the Superior Court. It was within his province, therefore, either to try the defendants who were brought before him on the complaints, or to examine them merely with reference to ordering them to recognize for their appearance before the Superior Court. *Commonwealth* v. *Harris*, 8 Gray, 470. *Commonwealth* v. *Boyle*, 14 Gray, 3.

It is clear, from an inspection of the record of the proceedings before the trial justice, that he took jurisdiction in each case only for the purpose of making a preliminary examination, to determine whether to order Hamilton in the first case, and both defendants in the second case, to recognize for appearance at the Superior Court. Any conclusion arrived at on such an examination is not conclusive as to the guilt or innocence of a party charged, and is not a bar to a subsequent indictment for the same offence.                    *Judgment affirmed.*