## COMMONWEALTH *vs.* THOMAS J. SULLIVAN.

Norfolk.     May 24, 1892. — June 21, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Intoxicating Liquors — Plea in Bar — Former Acquittal — Evidence.*

In the case of a complaint in a district court charging the defendant with keeping a common nuisance, a tenement used for the selling and keeping for sale of intoxicating liquors, the record stated that the defendant was discharged because it did not appear that there was probable cause to believe him guilty. *Held*, that this did not show an acquittal which would bar conviction on an indictment in the Superior Court.

While, in an indictment for keeping a common nuisance, a tenement used for the selling and keeping for sale of intoxicating liquors, the defendant is not bound by what was said by a stranger on the premises, yet a remark, made apparently in his hearing, in reference to the approach of the officers, and his conduct in immediately afterwards " grabbing " a bottle of whiskey and carrying it from the bar-room and breaking it, may well be considered in connection with other circumstances tending to show his guilt.

INDICTMENT, charging the defendant, on January 1, 1892, and divers other days between that day and the first Monday of April, 1892, with keeping a common nuisance, a tenement at

Weymouth, used for the selling and keeping for sale of intoxicating liquors.

In the Superior Court, the defendant, before pleading, filed a plea in bar, alleging that he was once tried and acquitted in a court having jurisdiction of the same offence set forth in this indictment, and the District Attorney filed a replication. The identity of the defendant and the identity of the offence were agreed to by the District Attorney, and the record of the District Court of East Norfolk, holden at Quincy in the county of Norfolk, being the court by which it was alleged the defendant was acquitted of the charge, was introduced. The record showed that the defendant was " discharged," because " it does not appear that there is probable cause to believe defendant guilty." The court ruled that this was not an acquittal such as to constitute a bar to the indictment. To this ruling the defendant excepted.

There was evidence tending to show that the defendant, on January 31, 1892, was standing behind a bar in a bar-room on the premises complained of as a nuisance; that as the officers with a search-warrant were going toward the bar-room through an adjoining room connected with the bar-room, some one in the adjoining room, being three feet away from the bar-room, and the door thereto being open, cried out, " Cheese it ! Here comes the officers."

To the introduction of this evidence the defendant objected, but *Mason,* C. J. overruled the objection, and admitted the testimony.

The evidence tended to show that the door between the bar-room and the room in which the remark was made was at the time open. There was no evidence that the defendant heard the remark, except as might be inferred by the jury from the action of the defendant in throwing a bottle containing whiskey, which had been on the bar behind which he was standing. The evidence also tended to show that, when the officers passed into the bar-room, the defendant was standing behind the bar. Upon their entrance the defendant grabbed the bottle in question, which was standing on the counter, and, leaving the bar-room, threw it and broke it on the floor of the cellar under the bar-room. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B. Moran,* for the defendant.

*G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.   It is well settled that a district court or a trial justice may either try and acquit, or convict, a person charged with the offence of keeping a tenement for the illegal keeping or illegal sale of intoxicating liquors, or may examine the case for the purpose of determining whether there is probable cause to believe him guilty, and, if so, may order him to recognize for his appearance before the Superior Court.   Pub. Sts. c. 101, §§ 6, 7 ; c. 154, § 18.   *Commonwealth* v. *Harris,* 8 Gray, 470.   *Commonwealth* v. *Hamilton,* 129 Mass. 479.   Whether in a particular case the court took jurisdiction, or merely conducted a preliminary examination, must be determined from the record of its proceedings.

In the present case, the record states that the defendant is discharged because " it does not appear that there is probable cause to believe defendant guilty."   This language indicates that the court did not assume to take final jurisdiction, but was simply doing the preliminary duty of determining whether the defendant should be held for appearance before a higher tribunal.   In *Commonwealth* v. *Hamilton,* 129 Mass. 479, it was expressly held that such a record does not show an acquittal which will bar conviction on an indictment in the Superior Court.

While the defendant is not bound by what was said by a stranger found on the premises, a remark made, apparently in his hearing, in reference to the approach of the officers, and his conduct in immediately afterwards " grabbing " a bottle of whiskey, and carrying it from the bar-room and breaking it, may well be considered together in connection with other circumstances tending to show his guilt.   The evidence was rightly admitted.   *Commonwealth* v. *McHugh,* 147 Mass. 401.   *Commonwealth* v. *Downey,* 148 Mass. 14.   *Commonwealth* v. *Gillon,* 148 Mass. 15.

*Exceptions overruled.*