## COMMONWEALTH *vs.* DANIEL RICE.

Suffolk.    January 19, 1914. — February 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Police, District and Municipal Courts. Practice, Criminal,* Plea in bar. *Constitutional Law,* Former jeopardy.

Under R. L. c. 160, § 34, a judge of a municipal court, when hearing a criminal case in which that court has concurrent jurisdiction with the Superior Court, has discretionary power, instead of passing finally upon the guilt of the defendant, to bind him over for trial in the Superior Court, and the judge in the exercise of this discretion is not required to make his election until he has heard at least all the evidence of the prosecution.

An alleged plea of former jeopardy, filed as a bar to an indictment in the Superior Court for larceny from the person of the sum of $20, which alleges that the defendant was tried for the same offense before a judge of the Municipal Court of the City of Boston, who, after finding the defendant guilty, withdrew that finding and ordered him to recognize for his appearance in the Superior Court, must be overruled upon demurrer; because on the allegations of the plea it appears that such action of the judge was a proper exercise of his discretionary power, and the subjection of the defendant to trial in the Superior Court in such a case is no infringement of any right under the Constitution of the United States or that of this Commonwealth.

INDICTMENT found and returned on December 6, 1913, charging the defendant with larceny from the person of one McEvoy in Boston on November 8, 1913, of money of the amount and value of $20.

The defendant filed a "plea of former jeopardy," alleging that the defendant had been tried for the same offense in the Municipal Court of the City of Boston on November 13, 1913, and found guilty by the judge of that court, although the judge afterwards withdrew his finding and declined jurisdiction and ordered the defendant to recognize for his appearance in the Superior Court.

The Commonwealth filed a demurrer to the defendant's alleged plea in bar.

In the Superior Court the case was heard by *McLaughlin,* J., upon the demurrer to the plea. The defendant asked the judge to make certain rulings, relating principally to the construction

of the provisions of R. L. c. 160, § 34. The judge refused to make the rulings requested and sustained the demurrer of the Commonwealth to the defendant's plea. From the order sustaining the demurrer the defendant appealed. A jury was empanelled and the defendant was tried upon his plea of not guilty. At the close of the evidence for the Commonwealth, the defendant having introduced no evidence, the jury retired and returned a verdict of guilty. The defendant alleged exceptions.

*P. H. Kelley,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

SHELDON, J. The only question raised in this case is the sufficiency of the defendant's plea of former jeopardy.

The charge against him was the larceny of $20 from the person of one McEvoy. The Municipal Court of the City of Boston, which received the complaint and issued the warrant, had jurisdiction, concurrently with the Superior Court, of that offense. Sts. 1909, c. 442; 1911, c. 176, § 1. *Commonwealth* v. *Gately,* 203 Mass. 598. *Commonwealth* v. *Drohan,* 210 Mass. 445, 448. But the Municipal Court was not required to take full jurisdiction of the case. In any case within the jurisdiction of such courts, they may in their discretion commit or bind over the defendant for trial in the Superior Court, "if he appears to be guilty of the crime charged." R. L. c. 160, § 34. In such cases those courts have, as was pointed out in *Commonwealth* v. *Harris,* 8 Gray, 470, a discretionary power either to hear and determine the complaint brought before them, exercising in that event a final jurisdiction (except as a defendant, if convicted, may choose to appeal to a higher court), or to bind the defendant over for trial in the Superior Court. This power, like all powers of which the exercise is discretionary, is not to be used arbitrarily, but in view of the circumstances of each particular case, of the penalty which may be called for, and of the necessity which may seem to be shown of an examination by the grand jury of any apparent ramifications that may need to be searched into more thoroughly than conveniently can be done in the lower court. Moreover the judge, as he cannot convict and sentence without sufficient proof of guilt, so too cannot bind over the defendant to the Superior Court unless guilt appears. In each case he must have

heard all proper evidence and listened to the arguments of each party. Ordinarily the discretion cannot be exercised wisely until at least the incriminating evidence has been heard; sometimes its exercise may depend upon the character and credibility of the testimony put in by the defendant. We are of opinion that at least the judge is not required to make his election before he has heard all the evidence of the prosecution. Whether the defendant is then entitled as of right, if he so desires, to know whether the judge has determined to decide the case, proceeding to sentence if there shall be a conviction, or to pass upon it merely as an examining magistrate, we need not consider, for here no such request was made. Under the circumstances here presented we are of opinion that all the proceedings before the judge were *in fieri* until he finally should have reached his determination and caused it to be entered of record. Until this has been done, whatever remarks the judge may have made are in legal effect merely statements of what his views then are, and may be recalled and not acted upon. At the close of the evidence he may feel convinced of either the guilt or the innocence of the defendant, and may even so announce; and yet the argument of counsel or the reminder of some piece of evidence which he had overlooked may lead him to the opposite conclusion, and that with a feeling of absolute certainty. So too he may feel that he ought to take full jurisdiction of the case, and convict and impose sentence, or acquit because he is not sure that guilt has been proved with the requisite certainty, and may announce this feeling; but so long at any rate as the case has not been absolutely ended, and his disposition thereof entered upon the record, his final determination remains in his own breast, and he may upon reflection reach the conclusion that justice requires a further investigation of the case, and bind over the defendant to the Superior Court. Or he may reconsider his determination thus to bind over the defendant, and proceed himself to dispose of the case. And so are our decisions. *Commonwealth* v. *Goddard,* 13 Mass. 455. *Commonwealth* v. *Harris,* 8 Gray, 470. *Commonwealth* v. *Boyle,* 14 Gray, 3. *Commonwealth* v. *Many,* 14 Gray, 82. *Commonwealth* v. *Hamilton,* 129 Mass. 479. *Commonwealth* v. *Hart,* 149 Mass. 7. The first of these cases was the converse of the one before us. The judge had declined to take jurisdiction,

and had ordered the defendant to recognize for his appearance before the higher court. He then permitted the defendant to withdraw his former plea and to plead guilty, and thereupon revoked his original order and sentenced the defendant to pay a fine. This was held to be a good conviction; and the reasoning of Parker, C. J., in the opinion is decisive of the present case.

We think it plain that no rights of the defendant under the Constitution either of the United States or of this Commonwealth have been infringed.

There is nothing in the defendant's plea which can take the case out of the rule that has been stated. On the contrary all the averments of the plea show that the case comes within that rule. It follows that the order sustaining the demurrer was correct; and the rulings asked for by the defendant, so far as they were inconsistent with that order, could not have been given. The order appealed from must be affirmed, and the exceptions must be overruled.

*So ordered.*