ROBERT COREY *vs.* COMMONWEALTH & another.[1]

Suffolk.     May 9, 1973. — September 19, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Probable Cause. Practice, Criminal,* Probable cause hearing, Binding over for trial.

Under G. L. c. 218, § 30, a judge of a District Court, before choosing not to exercise final jurisdiction over a criminal case of which it and the Superior Court have concurrent jurisdiction and to bind the prisoner over for trial in the Superior Court as one who "appear[s] to be guilty" of crime, must find that a crime has been committed and that there is "probable cause to believe the prisoner guilty," after a hearing conducted pursuant to c. 276, §§ 38-42. [139-143]  QUIRICO, J., concurring.
A judge of a District Court, before commencing a criminal case of which it and the Superior Court have concurrent jurisdiction, should announce whether he is conducting a probable cause hearing on binding the prisoner over for trial in the Superior Court or conducting a full trial on the merits. [141-142 n. 7]

PETITION for a writ of certiorari filed in the Supreme Judicial Court for the county of Suffolk on March 19, 1973.

The case was reserved and reported without decision by *Hennessey,* J.

*Charles J. Artesani, Jr.,* Assistant District Attorney, for the respondents.

*Roderick L. Ireland* for the petitioner.

[1]Municipal Court of the Roxbury District.

Corey *v.* Commonwealth.

TAURO, C. J.    This is a petition for a writ of certiorari and related relief brought under G. L. c. 211, § 3,[2] asking the court to exercise its supervisory powers "to correct and prevent errors and abuses" in bind-over hearings conducted in the District Courts of the Commonwealth. The petitioner asks us to vacate the District Court's decision to decline jurisdiction and bind the defendant over for trial on the ground that he was not given a fair hearing on the question of whether he "appear[s] to be guilty." c. 218, § 30. This petition comes before us upon a reservation and report without decision by a single justice upon the pleadings and a statement of agreed facts.

Although we will review interlocutory rulings in criminal cases under our general superintendence powers "only in the most exceptional circumstances," *Gilday* v. *Commonwealth,* 360 Mass. 170, 171, we will act "at whatever stage in the proceedings it becomes necessary to protect substantive rights." *Barber* v. *Commonwealth,* 353 Mass. 236, 239. The question before us is whether the summary manner in which the District Court judge conducted the petitioner's bind-over hearing violated his "substantive" rights.

The pertinent facts may be summarized briefly. On March 15, 1973, the petitioner was arraigned in the Municipal Court of the Roxbury District on charges of possession of marihuana and unlawfully carrying a firearm. After the charges were read to the petitioner, the judge entered a plea of not guilty on both complaints, and asked the arresting officer for a statement of the facts leading to the petitioner's arrest. After listening to the arresting officer's statement, the judge examined the petitioner's probation file, set a trial date for

[2]Section 3, as amended by St. 1956, c. 707, § 1, reads in part: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue writs of error, certiorari, mandamus, prohibition, quo warranto and all other writs and processes to such courts . . . which may be necessary to the furtherance of justice and to the regular execution of the laws.  ·

"In addition to the foregoing, the justices of the supreme judicial court shall also have general superintendence of the administration of all courts of inferior jurisdiction . . . and it may issue such writs . . . and such orders, directions, and rules as may be necessary or desirable for the furtherance of justice, the regular execution of the laws, the improvement of the administration of such courts, and the securing of their proper and efficient administration."

March 26, 1973, and assigned the case to the Boston University Defenders Program. (No attorney from that program was present in the court room during this stage of the proceedings.) Further action on the case was suspended for approximately an hour and a half to allow the Roxbury Court clinic to determine if the petitioner was drug dependent. During this interval, the petitioner's family asked an attorney from the Roxbury Defenders Committee to represent the petitioner. Upon resumption of the case and after the judge had read the clinic's evaluation report, the Roxbury Defenders Committee's attorney addressed the bench in regard to representing the petitioner. The attorney informed the judge that he had represented this indigent petitioner in the past and that the petitioner wished to be represented by him in the present proceedings. A conversation then ensued between the judge and the Roxbury Defenders Committee's attorney concerning bail proceedings in the Commonwealth's court system and an unrelated charge against the petitioner which was still awaiting trial in Suffolk Superior Court. After expressing his disapproval of the Roxbury Defenders Committee's former and present course of action in bail matters, the judge declined jurisdiction over the complaints and set bail at $5,000.

The facts of the instant case indicate that the petitioner's preliminary hearing consisted of a statement by the arresting officer. The petitioner was not given a meaningful opportunity to cross-examine this witness or present evidence on his own behalf and he was not advised that he could cross-examine witnesses and present evidence.[3] He was not represented by counsel at the time. Obviously, the summary nature of the petitioner's bind-over "hearing" does not satisfy the procedural requirements of a probable cause hearing which we held in *Myers* v. *Commonwealth,* 363 Mass. 843, are mandated by c. 276, § 38. The question before us is

---

[3]See Rule 6 of the Initial Rules of Criminal Procedure for the District Courts of Massachusetts. "An unrepresented defendant who has pleaded not guilty to any complaint shall be advised by the judge at the time of his hearing or trial that on any material matter pertaining to the offense charged he has the following rights: — (a) to cross examine any witness offered by the prosecution; and (b) subject to cross examination to offer testimony by himself or any other witness."

whether that statute applies to criminal charges over which the District Court may exercise final jurisdiction.[4]

The Commonwealth argues that c. 218, § 30,[5] which authorizes the bind-over procedure, does not require or even suggest that the District Court judge must first find probable cause before holding the defendant for trial. The statute notes that the examining magistrate "may so commit or bind over persons brought before them *who appear* to be guilty of crimes within their final jurisdiction" (emphasis supplied). Apparently, the Commonwealth's argument rests on its assumption that the statutory requirement that defendants "appear to be guilty" before being bound over for trial cannot be equated with or read in light of c. 276, §§ 38-42, provisions concerning probable cause hearings.

We are unable to find any support for such an assumption either in the express language of the pertinent statutory provisions or in their legislative history. As we noted in the *Myers* case, *supra,* the rules governing the conduct of preliminary hearings in the Commonwealth are summarily set forth in G. L. c. 276, §§ 38-42. Section 38 grants all defendants, who have not been indicted by a grand jury, a right[6] to an adversary hearing where they may confront their

---

[4]The *Myers* case concerned criminal charges not within the District Court's concurrent jurisdiction.

[5]Chapter 218, § 30, reads in part: "They [District Court judges] shall commit or bind over for trial in the superior court persons brought before them who appear to be guilty of crimes not within their final jurisdiction, and may so commit or bind over persons brought before them who appear to be guilty of crimes within their final jurisdiction."

[6]The Commonwealth relied on *Commonwealth* v. *Nason,* 252 Mass. 545, to support its contention that the defendant had no statutory right to a probable cause hearing before being bound over for trial. However, the precise holding in the *Nason* case was that defendants have no right to a probable cause hearing when they are indicted by the grand jury because the indictment itself rests on a finding of probable cause which obviates the need for a preliminary hearing on the same question. In the *Nason* case, a probable cause hearing was pending when the defendant was indicted. This court held that "[t]he pendency of such a hearing in the district court is not a ground for quashing an indictment pending the examination." P. 548. This is still the law of the Commonwealth.

However, in all those cases where the defendant is under arrest and has not been indicted by a grand jury he is entitled "as soon as may be" to a determination of whether there is probable cause to hold him for trial by an examining magistrate at a probable cause hearing. See c. 276, § 38. "The court or justice before whom a person is taken upon a charge of crime shall, *as soon as may be,* examine on oath the complainant and the witnesses . . ." (emphasis supplied).

accusers and present testimony in their own behalf on the question whether there is probable cause to bind them over for trial. See *Myers* v. *Commonwealth, supra.* Defendants are held for trial only if it appears to the examining magis﹦ trate (1) "that a crime has been committed" *and* (2) "that there is probable cause to believe the prisoner guilty." C. 276, § 42. These two requirements are designed to establish an effective bind-over standard which screens out those groundless or unsupported charges that should not go to trial. Nothing in the statutory text of these provisions suggests that they are applicable only to charges like those in the *Myers* case over which the District Court has no concurrent jurisdiction. To the contrary, c. 276, § 42, makes it clear that in cases where the District Court declines to exercise its final jurisdiction, the judge must find probable cause before setting bail. ("If it appears that a crime has been committed and that there is probable cause to believe the prisoner guilty, the court or justice shall, *if final jurisdiction is not exercised,* admit the prisoner to bail, if the crime is bailable and sufficient bail is offered; otherwise, he shall be committed to jail for trial" [emphasis supplied].)

The unambiguous reference in § 42 to cases where the District Court declines to exercise its final jurisdiction over the charges before it and its requirement that in such cases probable cause be found before the defendant is committed or admitted to bail make it clear that the Legislature did not intend that probable cause hearings be held in District Courts only in cases where the District Courts did not have ultimate jurisdiction over the charges involved. Such a distinction would make little sense because the preliminary hearing's primary function of determining whether there is sufficient legally admissible credible evidence of the defendant's guilt to justify holding him over for trial is applicable to any case where a bind-over determination is being made. The fact that the District Court could have exercised its final jurisdiction[7]

[7]Earlier decisions by this court suggested that a District Court judge need not indicate to defence counsel prior to the hearing whether it is to be a trial on the merits or a probable cause hearing. See *Commonwealth* v. *Goddard,* 13 Mass. 455, 458;

does not justify a failure to make a proper bind-over determination when the court decides to decline final jurisdiction.

Therefore, we must reject the Commonwealth's argument that c. 218, § 30, should not be interpreted in conjunction with c. 276, §§ 38-42. We construe the requirement of c. 218, § 30, that defendants shall not be bound over for trial unless they "appear to be guilty" to mean that the District Court judge must always make a finding of "probable cause to believe the prisoner guilty," c. 276, § 42, before he binds any defendant over for trial in the Superior Court, regardless of whether the District Court has concurrent jurisdiction over the crimes charged. Our holding is supported by earlier decisions of this court which held that the statutory predecessors of c. 218, § 30, and c. 276, §§ 38-42, must be read together as requiring a finding of probable cause before a bind-over determination could be made. See *Commonwealth* v. *Harris,*

---

*Commonwealth* v. *Rice,* 216 Mass. 480,481. In practice, many District Court judges do not decide whether to conduct a full trial on the merits until they have heard the prosecution's evidence. See Smith, Criminal Practice and Procedure, § 686.

This practice creates serious tactical problems for defence counsel who have no way of knowing until the end of the hearing whether the hearing is for probable cause or a full trial on the merits. "The problem is that his tactics are different, depending upon the nature of the hearing. If it is a probable cause hearing, his objective is discovery, and he will not ordinarily object to inadmissible evidence nor will he offer any evidence in the defendant's behalf. However, if the hearing is a trial on the merits, he will ordinarily try the case 'tight' and object to evidence and offer a defense." Smith, Criminal Practice and Procedure, *supra,* §686. Finally, such a practice may lead to violations of Rule 8 of the Initial Rules of Criminal Procedure for the District Courts of Massachusetts as District Court judges often consult the defendant's probation record (as the District Court judge did in the instant case) before they decide whether to hold a probable cause hearing or a full trial on the merits.

To avoid these problems, a District Court judge should announce, *before the hearing commences,* whether he is conducting a probable cause hearing or a full trial on the merits. Before making this initial decision, the District Court judge may ask counsel for both the prosecution and defence for a discussion limited to the circumstances of the particular case necessary to aid him in his decision to exercise or decline final jurisdiction. As an example of this preliminary inquiry, the judge may ascertain whether there are companion cases pending in the Superior Court or whether there are other cases against the defendant growing out of the same transaction. Where the judge decides that the District Court will retain its jurisdiction in the case but reaches this decision after receiving information which was inadmissible as evidence and prejudicial to the defendant, the case, on defendant's motion, shall be tried on the merits before another District Court judge. See *Commonwealth* v. *Rice, supra* 216 Mass. at 481, for a discussion of the relevant factors that a District Court judge should consider in determining whether or not to exercise final jurisdiction.

Corey *v.* Commonwealth.

8 Gray 470; *Commonwealth* v. *Sullivan,* 156 Mass. 487.[8] See also Smith, Criminal Practice and Procedure, § 686, p. 337.

Since the petitioner was deprived of his statutory right to a probable cause hearing before being bound over for trial, unless the court decides to exercise its jurisdiction, he must be given a new preliminary hearing to determine whether there is sufficient evidence to justify holding him for trial. Therefore, pursuant to our powers of "general superintendence of all courts of inferior jurisdiction," c. 211, § 3, the original bind-over decision is vacated and the case is to be transferred to the Municipal Court of the Roxbury District for further proceedings consistent with this opinion.[9]

*So ordered.*

---

[8]The *Sullivan* case involved a crime over which the District Court had concurrent jurisdiction with the Superior Court. The District Court had discharged the defendant because it did not appear "that there is *probable cause* to believe defendant guilty" (emphasis supplied). In reviewing this decision, this court noted that "It is well settled that a district court or a trial justice may either try and acquit, or convict, a person charged with the offence of keeping a tenement for the illegal keeping or illegal sale of intoxicating liquors, *or may examine the case for the purpose of determining whether there is probable cause to believe him guilty, and, if so, may order him to recognize for his appearance before the Superior Court. . . . Commonwealth* v. *Harris,* 8 Gray, 470. . . . In the present case, the record states that the defendant is discharged because 'it does not appear that there is probable cause to believe defendant guilty.' This language indicates that the court did not assume to take final jurisdiction, but was simply doing the preliminary duty of determining whether the defendant should be held for appearance before a higher tribunal" (emphasis supplied). P. 489.

[9]A brief comment on the concurring opinion is indicated. In cases where the District Court can exercise final jurisdiction the statute clearly gives the right of choice between a trial and a probable cause hearing to the judge and not to the defendant. If it were otherwise, a defendant could prevent the consolidation of cases in the Superior Court when this is deemed appropriate and necessary for the orderly processing of criminal business. This is but one example. Thus, it is immaterial that the "petitioner has not requested, and is not now requesting, a full trial . . ." as noted in the concurring opinion. Nor can he be "deemed to have waived" a right which never existed. Therefore, it *is* necessary for the court presently to express an opinion "on the procedure to be followed by a District Court judge." Otherwise District Court judges are still left without guidelines as to the proper method of procedure.

When the instant case is transferred to the District Court, as ordered, a probable cause hearing will be held "unless the court decides to exercise its jurisdiction." As the opinion states, the judge will make known *beforehand* which of the two procedures he will follow.

QUIRICO, J. (concurring)   The specific relief sought by the petitioner is that this court order the Municipal Court of the Roxbury District to "schedule a probable cause hearing for the charges against [the] defendant" and that further action by the Commonwealth be stayed pending the holding of such a hearing. The briefs of both the petitioner and the Commonwealth state the principal question for decision to be whether a defendant, appearing before a judge of a District Court on a criminal complaint charging an offence of which that court has final jurisdiction, is entitled to a "bind-over" or "probable cause" hearing, so called, before the judge can decline jurisdiction and bind the defendant over to the Superior Court. By its opinion this court holds that the petitioner is entitled to such a hearing and I concur with that holding.

The petitioner has not requested, and is not now requesting, a full trial in the District Court on the merits of the complaint against him. If he had the right to request and receive such a trial, he should be deemed to have waived it by reasons of his limited request for a "probable cause" hearing. For this reason I would refrain from presently expressing any opinion on the procedure to be followed by a District Court judge in a situation where the defendant has not waived his right to a trial on the merits of the complaint.