ROGER E. LATAILLE *vs.* DISTRICT COURT OF EASTERN HAMPDEN & others.

Suffolk.   October 9, 1974. — December 16, 1974.

Present: TAURO, C.J., QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts.  *Practice, Criminal,* Probable cause hearing, Binding over for trial, Grand jury proceedings.  *Constitutional Law,* Due process of law.  *Grand Jury.*

It was proper for this court, in exercise of its supervisory powers under G. L. c. 211, § 3, upon a claim by the defendant in a murder and rape case that his substantive rights had been violated, to grant inter-locutory review of a refusal by the Superior Court of a probable cause hearing after the defendant had been indicted. [526-527]

A defendant arrested on complaints but indicted by a grand jury before a probable cause hearing had taken place was not denied any con-stitutional right by a refusal to grant a probable cause hearing; an indictment by a grand jury is itself a determination of probable cause. [529-533]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on October 10, 1973.

The case was heard by *Reardon,* J., on demurrer.

*Richard A. Morocco* for the petitioner.

*Robert H. Quinn,* Attorney General (*Dennis J. Lacroix,* Deputy Assistant Attorney General, with him) for the District Court of Eastern Hampden & others.

*William W. Teahan,* Assistant District Attorney (*Matthew J. Ryan, Jr.,* District Attorney, with him) for the District Attorney for the Western District of Massachusetts.

HENNESSEY, J. The petitioner (hereafter referred to as the defendant) in this case asks that we rule that a person accused of a crime has a right to a probable cause hearing in all cases, irrespective of a supervening indictment, unless the Commonwealth is able to advance a substantial and paramount interest overriding the asserted right to a probable cause hearing.

The defendant seeks relief in this court after unsuccessful recourse to a judge of the Superior Court. The petition comes before us on appeal from an order of a single justice of this court sustaining the respondents' demurrers.[1] The demurrers alleged that the petition was vague, improperly sought two types of writs and was insufficient in law. This proceeding is interlocutory and the ruling is sought, not under the Superior Court judge's privilege to report such matters under the provisions of G. L. c. 278, § 30A, but under our general supervisory powers pursuant to G. L. c. 211, § 3. We allow interlocutory appeals in criminal cases, under our supervisory powers, only in exceptional circumstances. *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971). However, that requirement can be said to be met where, as in this case, a substantial claim alleges violation of the defendant's substantive rights. *Barber* v. *Commonwealth,* 353 Mass. 236, 239 (1967). *Myers* v. *Commonwealth,* 363 Mass. 843, 844 (1973). *Corey* v. *Commonwealth,* 364 Mass. 137, 138 (1973). Moreover, for all that appears in the record the single justice may well have sustained the demurrers on the ground that the petition

---

[1] Demurrers were filed by the District Court of Eastern Hampden, the Commonwealth and the district attorney for the Western District; the respondents' demurrers were identical in form.

failed to state a cause for relief. That is a further reason for us to examine the legal merits of the petition.[2] We therefore turn to a consideration of whether the defendant's substantive rights were violated by the denial of a probable cause hearing following indictment by the grand jury.

The facts pertinent to the question at issue are briefly stated. On August 13, 1973, the defendant was arrested on complaints charging him with murder and rape. He was arraigned in the District Court of Eastern Hampden the following day. He was then transferred to the Massachusetts Correctional Institution at Bridgewater for twenty days' observation. A probable cause hearing was set for September 4. In the interim, the defendant's counsel filed several discovery motions which also were scheduled to be heard September 4. On that date the discovery motions were heard, but a hearing on other defense motions was delayed. At the conclusion of the motion session, the probable cause hearing, by consent of counsel, was continued until September 13. The grand jury on September 12 returned indictments for murder and rape against the defendant. Defense counsel moved unsuccessfully in the Superior Court to quash the indictments and also moved

---

[2] There is some uncertainty as to the precise form of relief the petitioner seeks. General Laws c. 211, § 3, as amended by St. 1956, c. 707, § 1, and St. 1973, c. 1114, § 44, provides, in part: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts . . . which may be necessary to the furtherance of justice and to the regular execution of the laws.

"In addition to the foregoing, the justices of the supreme judicial court shall also have general superintendence of the administration of all courts of inferior jurisdiction . . . and it may issue such writs . . . and such orders, directions and rules as may be necessary or desirable for the furtherance of justice, the regular execution of the laws, the improvement of the administration of such courts, and the securing of their proper and efficient administration."

The petition is entitled, "Petition for Invocation of Supervisory Powers Pursuant to G. L. c. 211, § 3." However, the descriptive paragraph recounting the relief sought states that the defendant "brings this petition for the issuance of a writ of certiorari, mandamus, and/or relief under this Court's supervisory powers." The Commonwealth argues that this inconsistency renders the petition impermissibly vague as to the type of writ and relief sought. The substantive legal arguments underlying the petition are the same whether the writ be considered one in certiorari, mandamus or invocation of supervisory powers. For that reason we decline to decide this case on the technical and narrow ground that the petition may be improperly presented and we therefore address our decision to the substantive merits of the defendant's claim.

for an order that a probable cause hearing be conducted. The Superior Court judge apparently denied the former motion and declined to act on the latter motion. The defendant was arraigned on the indictments and entered pleas of not guilty. Thereafter, the defendant initiated his petition in this court.

General Laws c. 263, § 4, provides in pertinent part that "[n]o person shall be held to answer in any court for an alleged crime, except upon an indictment by a grand jury or upon a complaint before a district court." Where the original charge is in the form of a complaint and the defendant is under arrest not having been indicted by a grand jury, he is entitled "as soon as may be" to a determination whether there is probable cause to hold him for trial. G. L. c. 276, § 38. The issue in this case is whether he is entitled to a probable cause hearing where there has been presentment of an indictment.

If the crime complained of is within the jurisdiction of a District Court, that court may exercise final jurisdiction. In cases not within the jurisdiction of a District Court, and in cases where a judge of that court declines to exercise final jurisdiction, a determination must be made whether the person complained of "appear[s] to be guilty of crimes" and shall be bound over for trial in Superior Court on an indictment.[3] G. L. c. 218, § 30.

In two recent cases, *Myers* v. *Commonwealth,* 363 Mass. 843 (1973), and *Corey* v. *Commonwealth,* 364 Mass. 137 (1973), we held that both in a preliminary hearing pursuant to G. L. c. 276, § 38, and in a bind-over hearing pursuant to G. L. c. 218, § 30, the accused must be given a meaningful opportunity to cross-examine witnesses and present evidence on his own behalf. Such a process is required by the respective statutes and is necessary to an accurate appraisal of probable cause. We held that defendants are to be held

---

[3] Where the District Court judge determines that the defendant shall be bound over for trial in Superior Court, the defendant may waive indictment under G. L. c. 263, § 4A, in which case the district attorney, with consent of a judge of the Superior Court, may proceed against the defendant on the original complaint. *DeGolyer* v. *Commonwealth,* 314 Mass. 626 (1943).

for trial only if the examining magistrate finds (1) that a crime has been committed and (2) that there is probable cause to believe the prisoner guilty. G. L. c. 276, § 42. We expressed the view that cross-examination and the right to make an effective presentation of a defense are crucial in order to effectuate this probable cause standard.

The defendant relies on our decisions in the *Myers* and *Corey* cases as well as the decision in *Coleman* v. *Alabama,* 399 U. S. 1 (1969), wherein the United States Supreme Court held that a preliminary hearing is a critical stage in the criminal process at which the accused is entitled to effective assistance of counsel. The petitioner argues that these cases establish that he is entitled as matter of right to a probable cause hearing for the purpose of utilizing the discovery and impeachment devices appurtenant thereto even though he has been indicted by the grand jury. We disagree.

In following the Supreme Court decision in *Coleman* v. *Alabama, supra,*we held in *Commonwealth* v. *Britt,* 362 Mass. 325, 330-331 (1972), that a probable cause hearing was a critical stage in criminal proceedings. However, the fact that the preliminary hearing is deemed a critical element when it is held does not mean that a preliminary hearing is necessary as matter of right in the criminal process. Indeed, the Supreme Court noted in the *Coleman* case that "[t]he preliminary hearing is not a required step in an Alabama prosecution. The prosecutor may seek an indictment directly from the grand jury without a preliminary hearing." 399 U. S. at 8 (opinion of Brennan, J.).

It is, of course, true as the petitioner points out that our holdings in the *Corey* and *Myers* cases result in certain collateral benefits with respect to impeachment, discovery,[4] and possible dismissal of charges without a

[4] In *Coleman* v. *Alabama,* 399 U. S. 1 (1969), the Supreme Court in discussing the constitutional requirement of counsel at the probable cause hearing noted four purposes that the presence of counsel may serve: (1) skilful examination of witnesses may expose fatal weaknesses in the State's case in turn leading the magistrate to refuse to bind the accused over; (2) skilled interrogation of witnesses by competent counsel can provide a vital impeachment tool for use at trial; (3) counsel can discover the nature of the case against his client and prepare an

trial[5] where a preliminary hearing is held. These effects are however, indirect. Impeachment, discovery and the presentation of affirmative defenses are guaranteed by our decisions in the *Myers* and *Corey* cases because these procedures seek to further the primary function of the preliminary hearing, the screening out of "an erroneous or improper prosecution." *Coleman* v. *Alabama, supra,* at 9.

Thus, the discovery and impeachment functions of the preliminary hearing preserved in the *Myers* and *Corey* cases are not independent rights to be asserted apart from their function of ensuring that the accused is held only when a crime has been committed and there is probable cause to believe the accused to be guilty. Our decisions in those two cases were directed toward establishing a probable cause standard that effectively distinguished between groundless or unsupported charges and meritorious prosecutions. *Myers* v. *Commonwealth,* 363 Mass. 843, 847 (1973). We held that complete cross-examination and the opportunity to present affirmative defenses were crucial and necessary to effectuate a true probable cause standard. We did not hold then, nor do we hold now, that the discovery and impeachment functions are ends in themselves to be asserted apart from their evidentiary role in ascertaining probable cause where a preliminary hearing is held.

The question we now turn to is whether a preliminary hearing is necessary under the Constitution or statutes of the Commonwealth where there has been a supervening indictment. General Laws c. 263, § 4, provides in part that "[n]o person shall be held to answer in any court for an alleged crime, except upon an indictment by a grand jury *or* upon a complaint" (emphasis added). We agree with the Commonwealth that these two processes are alternative

effective defense; and (4) counsel can effectively represent his client in matters such as the necessity for early psychiatric examination or bail. 399 U. S. at 9.

[5] A finding of probable cause does not assure further prosecution; similarly, a decision of no probable cause does not foreclose further prosecution. *Commonwealth* v. *Mahoney,* 331 Mass. 510 (1954).

means for establishing probable cause to hold a defendant for trial.

Where probable cause is to be determined by a preliminary hearing on a complaint in the District Court the panoply of defensive procedures announced in the *Corey* and *Myers* cases applies. However, in the context of grand jury proceedings, the return of an indictment is itself a determination of probable cause and renders unnecessary a preliminary hearing.[6]

To hold otherwise would be to undermine the function traditionally performed by the grand jury, for the defendant's argument rests ultimately on the premise that a determination of probable cause reached by the grand jury is insufficient in law. The defendant would have us hold that despite the grand jury's finding of probable cause to indict, the accused is entitled to a separate and additional proceeding to duplicate the finding of probable cause.

On the contrary, the grand jury is an institution preserved by the Constitution of this State. *Jones* v. *Robbins,* 8 Gray 329, 342-350 (1857). Accordingly, the grand jury has long been regarded as an important part of our criminal procedure.[7] As was stated in *Commonwealth* v. *Holley,* 3 Gray 458, 459 (1855), "The great principle asserted by the Declaration of Rights is that no man shall be put to answer a criminal charge until the criminating evidence has been laid before a grand jury, and they have found probable cause, at least, to believe the facts true on which the

---

[6] In the case before us, the probable cause hearing had not started before the indictment was returned. We see no reason why our holding should be different if the indictment was returned while the probable cause hearing was in progress, or awaiting resumption after a part of the hearing had been held. In such a case, too, the reason for the probable cause proceeding would no longer exist, and it follows that a judge could properly dispense with any further inquiry. We do not say that there could never be special circumstances (for example, agreements of counsel, cf. *Commonwealth* v. *Benton,* 356 Mass. 447 [1969]) which might entitle a defendant to further pursuit of a probable cause hearing which was in progress at the time an indictment was returned.

[7] Indictment by grand jury is not an aspect of due process guaranteed by the Fourteenth Amendment to the United States Constitution and binding on the States. *Hurtado* v. *California,* 110 U. S. 516 (1884). *Lem Woon* v. *Oregon,* 229 U. S. 586 (1913). However, thirty-two States require that certain types of criminal prosecutions be initiated by indictment. Spain, The Grand Jury, Past and Present: A Survey, 2 American Crim. L. Q., 119 (1964).

criminality depends." We perceive no basis for holding that a finding of probable cause by the grand jury evidenced by the return of an indictment is insufficient by itself to initiate the criminal process.

In this State, it is the constitutional prerogative of the grand jury to act as " 'an informing and accusing body.' " *Commonwealth* v. *Geagan,* 339 Mass. 487, 497 (1959), cert. den. 361 U. S. 895 (1959). The grand jury have the dual function of determining whether there is probable cause to believe a crime has been committed and of protecting citizens against unfounded criminal prosecutions. *In the Matter of Pappas,* 358 Mass. 604, 613 (1971), affd. 408 U. S. 665 (1972). See *Branzburg* v. *Hayes,* 408 U. S. 665, 687-688 (1972). Since the return of an indictment by the grand jury evinces a finding of probable cause, we see no valid purpose to be served by requiring in all cases a preliminary hearing which would, in effect, duplicate the test of probable cause determined by the grand jury.

Our decision in this case is in accordance with and is supported by past decisions of this court. *Klous* v. *Municipal Court of the City of Boston,* 251 Mass. 292 (1925). *Commonwealth* v. *Nason,* 252 Mass. 545 (1925). Cf. *Commonwealth* v. *Buck,* 285 Mass. 41 (1933); *Burhoe* v. *Byrne,* 289 F. Supp. 408 (D. Mass. 1968). Nothing that we have said in the *Myers* or *Corey* cases, or other recent opinions, calls for a different result here.

The defendant urges us to follow the decision in *People* v. *Duncan,* 388 Mich. 489 (1972), wherein the Michigan Supreme Court, exercising its inherent power to regulate criminal procedure, ruled that a preliminary hearing should be held in all future cases irrespective of the presentment of an indictment. We decline to adopt the rationale of that decision. Moreover, we point out that Michigan utilizes alternate procedures that authorize prosecutions by indictment or information. In that State most prosecutions were by information and consequently the accused was denied a preliminary hearing only in a small number of cases where initiation of prosecution was by indictment.

The defendant, citing *Coleman* v. *Alabama,* 399 U. S. 1 (1969), implies that there may be a constitutional right to a preliminary hearing even in cases where the grand jury have returned an indictment. We fail to perceive any such right. Our State procedure is not similar to that challenged in *Pugh* v. *Rainwater,* 483 F. 2d 778 (5th Cir. 1973), cert. granted sub nom. *Gerstein* v. *Pugh,* 414 U. S. 1062 (1973). In that case prosecution was initiated through an information filed by the State's attorney, thereby obviating the determination of probable cause by either a detached magistrate in a preliminary hearing or the grand jury. Under the Florida process an arrestee may be incarcerated as long as thirty days before arraignment, which is the first opportunity that the accused may have to have a magistrate examine the State attorney's information setting forth the cause upon which the accused was arrested. The Florida procedure is significantly different from the procedure in this Commonwealth in that the State's attorney, unlike the grand jury, is directly involved in prosecution of the crime and therefore may not be sufficiently detached to make an independent assessment of probable cause. Cf. *Coolidge* v. *New Hampshire,* 403 U. S. 443, 464-473 (1971).

Our decision is further supported by numerous Federal decisions holding that there is no constitutional right to a preliminary hearing where an indictment has been rendered by a grand jury. See, e.g., *United States* v. *Conway,* 415 F. 2d 158, 160-161 (3d Cir. 1969); *United States* v. *Coley,* 441 F. 2d 1299, 1301 (5th Cir. 1971), cert. den. 404 U. S. 867 (1971); *United States* v. *Le Pera,* 443 F. 2d 810, 811 (9th Cir. 1971); *United States* v. *Anderson,* 481 F. 2d 685, 691 (4th Cir. 1973); *Harris* v. *Estelle,* 487 F. 2d 1293, 1296 (5th Cir. 1974).

From all that we have said it is clear that the single justice correctly sustained the demurrers to the petition. It follows that an order should be entered in the county court dismissing the petition.

*So ordered.*