Sally Reyes ZAHARIA,
Plaintiff-Appellant,

v.

The COUNTY COURT In and For the COUNTY OF JEFFERSON, and the Honorable Kim H. Goldberger, one of its Judges, Defendants-Appellees.

No. 83CA1149.

Colorado Court of Appeals,
Division I.

Nov. 10, 1983.

Barbara B. Hughes, Vincent Todd, Littleton, for plaintiff-appellant.

Mary Risko, Golden, for defendants-appellees.

ENOCH, Chief Judge.

This appeal of a C.R.C.P. 106 proceeding comes before the court at this time on motions by both parties. Plaintiff has moved for a stay of the district court proceedings pursuant to C.A.R. 8 and for permission to proceed in forma pauperis. Defendants have filed a response in opposition to both of plaintiff's motions, and a motion to dismiss, to which plaintiff has responded. On August 26, 1983, we granted plaintiff's motion to stay the district court proceedings which we now reconsider.

We first consider, however, the motion to dismiss because the disposition of this issue will affect the rulings on the other motions.

At a preliminary hearing the county court found sufficient probable cause to bind plaintiff over for trial on certain criminal charges. A writ of prohibition, pursuant to C.R.C.P. 106, was sought by plaintiff in the district court alleging that there was no competent non-hearsay evidence to support the county court's finding of probable cause, and that the county court had abused its discretion in failing to allow plaintiff to recall a witness at the preliminary hearing. The district court found that it did not have jurisdiction to review the finding of probable cause by the county court, but that it did have jurisdiction to determine whether the county court had abused its discretion in refusing to allow plaintiff to recall a witness. The district court then held that the county court had not abused its discretion in this regard. This appeal followed.

■ Whether this court has jurisdiction to hear the appeal, or any part thereof, depends upon whether the matters presented were properly before the district court in a C.R.C.P. 106 proceeding. See § 13-4-102(1), C.R.S.1973; *Thomas v. County Court,* 198 Colo. 87, 596 P.2d 768 (1979).

■ In its motion to dismiss, defendants argue that a district court cannot properly review a county court's finding of probable cause in a C.R.C.P. 106 proceeding. We agree.

■ *People v. District Court,* 652 P.2d 582 (Colo.1982) is dispositive. There, the Supreme Court held that the district court cannot properly review a county court's factual finding of probable cause. In an appeal from a C.R.C.P. 106 proceeding in the

district court, this court is in the same position as the district court, concerning the review of the county court proceeding. *See County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1978), *appeal after remand,* 198 Colo. 6, 595 P.2d 237 (1979). Therefore, because the issue concerning the county court's ruling as to probable cause is not subject to review by the district court, it is likewise not subject to review by this court.

Defendants also argue in the motion to dismiss that the district court did not have any jurisdiction, under C.R.C.P. 106, to determine whether the county court abused its discretion by refusing to allow the recall of a witness at the preliminary hearing. We disagree.

Although a district court cannot review the county court's factual findings of probable cause, the recalling of a witness does not involve this factual determination, but involves the procedural aspects of the preliminary hearing. Where, as here, a lower court has allegedly abused its discretion by failing to follow the necessary procedures in conducting a preliminary hearing, a writ of prohibition may issue. *See Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204 (1975). C.R.C.P. 106 states that if an inferior tribunal exercising judicial functions has exceeded its jurisdiction or abused its discretion and there is no plain, speedy, and adequate remedy, relief may be obtained in the district court. Whether the county court abused its discretion in failing to allow plaintiff to recall witnesses at the preliminary hearing was therefore properly before the district court and is also properly presented here on appeal. *See Thomas v. County Court, supra.*

The motion to dismiss is granted with respect to review of the county court's factual finding of probable cause, but denied with respect to the county court's refusal to allow recall of witnesses at the preliminary hearing. Thus, the appeal is properly before this court on the issue of alleged abuse of discretion by the county court for refusing to allow plaintiff to recall witnesses at the preliminary hearing.

Having ruled that there is an issue on appeal which is properly before the court, it is necessary to continue the stay of the proceedings in the district court pending disposition on this appeal in order to preserve plaintiff's right to appeal. *See Kuypers v. District Court, supra.*

Therefore, the order of August 26, 1983, granting the stay of proceedings in the Jefferson District Court of criminal action 83CR0494, shall remain in effect pending disposition of the appeal, provided plaintiff diligently pursue this appeal in compliance with the appellate rules.

The court makes no ruling on the motion to proceed in forma pauperis but remands this cause to the district court for the purpose of conducting such proceedings as that court may deem necessary to determine the present financial condition of plaintiff and to enter an order accordingly. A certified copy of the district court order shall be transmitted to this court. In the event the order has not been filed within 30 days of the date of this order, plaintiff shall file a written status report, and shall do so every 30 days thereafter until the order is filed.

PIERCE and METZGER, JJ., concur.