THOMAS F. BURKE *vs.* COMMONWEALTH.

Suffolk. February 9, 1977. — July 28, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice,
Criminal,* Probable cause hearing, Grand jury proceedings.

It was permissible for a grand jury to indict a defendant after a finding
of no probable cause by a District Court judge even though the in-
dictment was based on the same evidence that was presented to the
District Court judge. [159-162]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on April 30, 1976.

The case was reserved and reported by *Reardon,* J.

*Richard K. Donahue* for the plaintiff.

*James W. Sahakian,* Special Assistant District Attor-
ney, for the Commonwealth.

ABRAMS, J. Thomas F. Burke (hereinafter called the
defendant), asks this court to exercise its extraordinary
powers under G. L. c. 211, § 3. The case was originally

submitted on the basis of pleadings and a statement of agreed facts to a single justice of this court who reserved and reported it without decision.

We review the facts as agreed to by the parties. On November 16, 1974, the defendant was arrested on charges arising out of an automobile accident. On April 3 and 4, 1975,[1] he was tried in the District Court of Lowell on two misdemeanor charges, operating a motor vehicle so as to endanger, G. L. c. 90, § 24 (2) (*a*), and operating a motor vehicle while under the influence of an intoxicating beverage, G. L. c. 90, § 24 (1) (*a*). At the same time, a probable cause hearing was held on a charge of manslaughter, G. L. c. 265, § 13. See G. L. c. 90, § 24G, inserted by St. 1976, c. 227.

On April 7, 1975, the defendant was found guilty of operating so as to endanger and was found not guilty of operating under the influence of an intoxicating beverage. No probable cause was found on the manslaughter charge.

On May 7, 1975, the identical evidence proffered in the District Court probable cause hearing was presented to the Middlesex County grand jury, and the defendant was indicted for manslaughter on that day.

On June 17, 1975, the defendant filed a motion in the Superior Court to dismiss the indictment. After a November 18, 1975, hearing, the motion was referred to a trial judge; the motion was denied. The instant action was commenced on April 30, 1976.

As a preliminary matter, we consider the contention raised by the Commonwealth that it would be inappropriate for us to use at this time our extraordinary powers under G. L. c. 211, § 3. The Commonwealth is correct in its assertion that such power should be utilized sparingly, and that interlocutory review should be granted only in extraordinary circumstances. See, e.g., *Whitmarsh* v. *Commonwealth*, 366 Mass. 212 (1974), appeal dismissed for

---

[1] The record is silent as to the reason for this lengthy delay in disposition of the pending criminal charges.

want of jurisdiction, 421 U.S. 957 (1975). However, where, as here, a single justice of this court reserves and reports an interlocutory matter to this court, we grant the litigant full appellate review. *Cappadona* v. *Riverside 400 Function Room, Inc.,* 372 Mass. 167 (1977). *Kargman* v. *Superior Court,* 371 Mass. 324, 330 (1976). *Barber* v. *Commonwealth,* 353 Mass. 236 (1967). We therefore proceed to examine the merits of the defendant's claim.

The defendant argues that, on a finding of no probable cause by a judge of the District Court, the Commonwealth should be barred from thereafter obtaining an indictment relating to the same occurrence unless it presents new or different evidence before the grand jury. Because the evidence before the grand jury in the instant case was identical to that heard by the District Court judge, the defendant reasons that the present manslaughter indictment should be dismissed.

This court has consistently held that a District Court determination of no probable cause "is not conclusive as to the guilt or innocence of a party charged, and is not a bar to a subsequent indictment for the same offence." *Commonwealth* v. *Hamilton,* 129 Mass. 479, 481 (1880). See *Myers* v. *Commonwealth,* 363 Mass. 843, 857 n.16 (1973); *Commonwealth* v. *Britt,* 362 Mass. 325, 330 (1972); *Commonwealth* v. *Mahoney,* 331 Mass. 510, 512 (1954); *Commonwealth* v. *Sullivan,* 156 Mass. 487, 489 (1892). The purpose of a probable cause hearing in a District Court is "to screen out . . . those cases that should not go to trial," and an order binding over a defendant for trial involves a finding " (1) 'that a crime has been committed' *and* (2) 'that there is probable cause to believe the prisoner guilty.' G. L. c. 276, § 42" (emphasis in original). *Myers* v. *Commonwealth, supra* at 847. It is true that the probable cause standard is identical in a grand jury proceeding, and "the return of an indictment is itself a determination of probable cause and renders unnecessary a preliminary hearing." *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525, 531 (1974). It does not follow, however, that the finding of the District Court

judge of no probable cause is a final determination of the issue.

One reason for any apparent anomaly is that the Legislature has seen fit to grant to the Commonwealth the right of appeal where serious felony cases are dismissed without trial. See G. L. c. 278, § 28E. Where, as here, no appeal lies from the District Court decision, the grand jury is the only mechanism to ensure that the criminal proceeding has been terminated correctly. Were we to adopt the defendant's position, the district attorney would be unable either to prosecute the crime or to obtain appellate review of what, in his opinion, was a good faith but erroneous decision. It would leave a class of cases, many of which involve serious crimes, lost either to further prosecution or any appellate review.

In the past, we have been careful to protect the Commonwealth's right to seek review when serious cases are dismissed over its objections. *Commonwealth* v. *Hare*, 361 Mass. 263, 270-271 (1972). *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971). Even limited appellate review assists this court in giving unity and coherence to criminal procedure. See *Commonwealth* v. *Krasner*, 358 Mass. 727 (1971); *Commonwealth* v. *White*, 358 Mass. 488 (1970); *Commonwealth* v. *Boos*, 357 Mass. 68 (1970) (motions dismissing the Commonwealth's cases). See also *Commonwealth* v. *Miller*, 366 Mass. 387 (1974); *Commonwealth* v. *Pignone*, 361 Mass. 566 (1972); *Commonwealth* v. *Colella*, 360 Mass. 144 (1971) (motions to suppress).

This procedure has allowed the Commonwealth to reinstitute proceedings terminated because of an incorrect ruling in the trial court, see, e.g., *Commonwealth* v. *Miller*, *supra*, but, on the other hand, has allowed us to affirm preliminary rulings which, in effect, put an end to a particular prosecution. See, e.g., *Commonwealth* v. *Botelho*, 369 Mass. 860 (1976).

Generally, a defendant, in the same circumstances, has to await final disposition prior to seeking full appellate review. Such a requirement is not unfair as it is designed to eliminate undue delay in criminal trials. The Common-

wealth's right to appeal is based on the fact that a pre-trial ruling will preclude a public trial and will entirely terminate the felony proceedings; a defendant, on the other hand, may seek full appellate review after a Superior Court trial. See *Rosenberg* v. *Commonwealth,* 372 Mass. 59 (1977).

We merely adhere to the general rule followed in other jurisdictions that absent a right to appeal an adverse determination of probable cause, the prosecutor may seek a grand jury indictment. See, e.g., *State* v. *Elling,* 19 Ariz. App. 317 (1973); *People* v. *Uhlemann,* 9 Cal. 3d 662, 664-665 (1973); *State* v. *Thomas,* 529 S.W.2d 379, 382 (Mo. 1975); *State* v. *Boykin,* 113 N.J. Super. 594 (1971); *Friess* v. *Morgenthau,* 86 Misc. 2d 852 (N.Y. Sup. Ct. 1975); *State* v. *Cradle,* 281 N.C. 198, 204, cert. denied, 409 U.S. 1047 (1972); *State* v. *Mitchell,* 42 Ohio St. 2d 447, 451 (1975); *State* v. *Antes,* 74 Wis. 2d 317 (1976). See also *United States* v. *Dobbs,* 506 F.2d 445, 447 (5th Cir. 1975); *United States* v. *Kysar,* 459 F.2d 422, 423 (10th Cir. 1972); Fed. R. Crim. P. 5 (c).

The position taken by the defendant is reflected in the Model Code of Pre-Arraignment Procedure § 330.7 (2) (1975), which provides that after a finding of no reasonable cause, the prosecutor may move to reinstate the complaint only on the presentation of *new evidence.* However, the Model Code carefully preserves the prosecutor's right to appeal an adverse determination on the issue of reasonable cause. *Id.* at § 330.6. See *State* v. *Antes, supra.*

In our view, the defendant's suggested rule might well cause a prosecutor to forgo probable cause hearings in favor of seeking direct indictments. See *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525 (1974). We decline to diminish in any way the expanded role of probable cause hearings. See *Corey* v. *Commonwealth,* 364 Mass. 137 (1973); *Myers* v. *Commonwealth,* 363 Mass. 843 (1973).

Nothing we say today precludes a prosecutor from seeking other probable cause hearings based on additional evidence. "[I]f additional proof is offered at the second

hearing [,] neither the guaranty against double jeopardy nor doctrines of res judicata are offended by these conclusions even when the same alleged crime is being charged at the successive hearings. *Commonwealth* v. *Hamilton*, 129 Mass. 479, 481 (1880). *Commonwealth* v. *Sullivan*, 156 Mass. 487, 489 (1892). *Commonwealth* v. *Rollins*, 354 Mass. 630, 633 (1968)." *Maldonado, petitioner*, 364 Mass. 359, 363 (1973).

We hold that a grand jury may indict a defendant after a finding of no probable cause by a District Court judge even if the indictment is based on the same evidence that was presented to the District Court judge.

The case is remanded to the county court, where a judgment is to be entered denying relief under G. L. c. 211, § 3.

*So ordered.*