**No. 28156**

**Larry Thomas v. The County Court in and for the County of Pueblo, Arthur E. Pendleton, Clerk of the Court and Judge Gordon R. Cooper**

(596 P.2d 768)

Decided June 25, 1979.

88

John R. Naylor, Henry J. Geisel, for plaintiff-appellee.

J. E. Losavio, Jr., District Attorney, Warren T. Marshall, Deputy, Amy S. Isaminger, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

In 1976 the Grand Jury of Pueblo County indicted the appellee Larry Thomas on four counts of first-degree perjury. Upon appellee's motion, the indictment was dismissed on September 1, 1977, by the District Court for the Tenth Judicial District, on the grounds that the prosecuting

attorney before the grand jury was not licensed to practice law in the State of Colorado.

The appellee was indicted again by the 1977 grand jury for the same four counts of perjury, plus one count of official misconduct. A different district court judge granted appellee's motion to dismiss the second indictment for lack of probable cause, this time because the district attorney had not presented *two* witnesses before the grand jury, as required by Crim. P. 6(b).[1] No appeal was taken from this dismissal.

The district attorney then filed a summons and felony complaint in the County Court of Pueblo County, charging Thomas with one count of first-degree perjury. This count was identical with counts 2 and 3 of the two previously dismissed indictments. Thomas responded to this new complaint by petitioning the district court for a writ of prohibition, under C.R.C.P. 106, to prevent the county court from proceeding. He alleged in his Rule 106 complaint that the county court lacked jurisdiction over the felony complaint because the charges had been previously dismissed by the district court. After issuing a rule to show cause, the district court agreed that the county court lacked jurisdiction, and it granted a permanent writ of prohibition.

The county court, and the judge and clerk thereof, now appeal this writ of the district court directing dismissal of the felony complaint. The appellants claim that, where an indictment is dismissed by the district court for lack of probable cause, the district attorney may commence a new action by filing a felony complaint in the county court rather than appealing the dismissal or taking other action in the district court. We do not agree with this contention, and we affirm the district court's order issuing the writ of prohibition.

## I.

The appellants bring this appeal pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8), which allows the prosecution to appeal any decision of the trial court in a criminal case upon any question of law. Appellee Thomas challenges the jurisdiction of this court to hear this case. First, he correctly points out that the writ of prohibition issued by the district court under C.R.C.P. 106 is not an appeal from a judgment in a criminal case, but is a civil appeal, even though it involves a question of criminal law.

The appellee also contends we have no jurisdiction to hear this appeal because initial appellate jurisdiction rests in the court of appeals, citing section 13-4-102(1), C.R.S. 1973. We agree that the case should

---

[1] "(b) The grand jury shall hear witnesses as may be determined by the grand jury and may find an indictment on the sworn testimony of one witness only, *except in cases of perjury, when at least two witnesses to the same fact shall be necessary.* An indictment may also be found upon the information of two of their own body." [Emphasis added.]

have been filed there first, to be reviewed further by this court by writ of certiorari. *County Court of El Paso v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1978). Normally we would transfer a case in this posture to the court of appeals, as provided for in section 13-4-110(2) and (3), C.R.S. 1973. However, neither party moved for a transfer. Since the issue is already before us, and is one of first impression, we address the merits now.

## II.

The substantive issue before us is whether a district attorney can file a criminal complaint in a county court charging a defendant with the identical offense for which he has previously been indicted in the district court, where that indictment was dismissed by the district court for lack of probable cause. We hold that the district attorney cannot take such action. Once the indictment has been dismissed by the district court for lack of probable cause, the county court lacks jurisdiction to address the criminal complaint without permission of the district court, upon a showing of new or additional evidence.

Section 16-5-204, C.R.S. 1973 (1978 Repl. Vol. 8), passed by the 1977 General Assembly, is instructive on this issue. It grants to the district courts power to review a finding of probable cause by the grand jury, upon the defendant's request. Section 16-5-204(4)(k). The district court may not, however, make its own findings and conclusions as to the existence of probable cause, but is merely restricted to a determination of whether the grand jury's finding of probable cause is supported by the grand jury record. *People v. Summers,* 197 Colo. 445, 593 P.2d 969 (1979).

Subsection (4)(e) of that statute provides:

"(e)   Once a grand jury has returned a no true bill based upon a transaction, set of transactions, event, or events, a grand jury inquiry into the same transaction or events shall not be initiated *unless the court finds, upon a proper showing by the prosecuting attorney, that the prosecuting attorney has discovered additional evidence relevant to such inquiry.*" [Emphasis added.]

This provision clearly requires that, if the grand jury has determined that no probable cause exists to charge a person with commission of a crime, "additional evidence" is required before there can be any further investigation by that body. The obvious purpose of the provision is to protect those persons suspected of committing a crime from being harrassed by the state. It is in accord with all its power, from repeatedly attempting without justification to prosecute a person, thereby disrupting his life and subjecting him to multiple court appearances and unwarranted anxiety.

The same due process principles must apply to the situation before us where the district court, instead of the grand jury, finds that probable cause is lacking. We therefore hold that once the district court has determined that the evidence before the grand jury cannot support the indictment, further prosecution by *any* method is barred until the district

court finds that additional evidence exists which would establish probable cause. By this rule, the prosecutor must return to the district court which found the indictment to be defective and convince that court, upon a showing of additional evidence, that the charges should be refiled. Such a procedure brings cases such as the instant one into harmony with those covered by section 16-5-204(4).

We do not agree with the district court that, once a case is dismissed by the district court, the prosecution may refile the charges in only the same manner as the original charges were filed. Section 16-5-101. C.R.S. 1973 (1978 Repl. Vol. 8) and *Dresner v. County Court in and for the County of Pueblo,* 189 Colo. 374, 540 P.2d 1085 (1975), cited by Pueblo County Court to support this position, are inapposite here. They refer to the rule that once charges have been filed against a person, new charges cannot be filed in a different court or by a different method while the first case is pending. However, in the instant case, at the time the prosecutor filed the felony complaint in the county court, there were no charges pending elsewhere, as the previous indictments had been dismissed by the district court. Under our rule pronounced today, once the district court finds that additional evidence does exist which may establish probable cause, the prosecution is free to refile charges in any manner it chooses. But we emphasize that the permission of the district court must first be obtained.

To repeat the rule set down today, after an indictment is dismissed by the district court for lack of probable cause, the prosecution can refile only with permission of the district court upon a showing of additional evidence. Until the district court finds that such additional evidence could support a finding of probable cause, the county court has no jurisdiction to entertain a new felony complaint which charges the suspect with the same offense as that contained in the defective indictment.

The judgment of the district court is affirmed.