COMMONWEALTH *vs.* A JUVENILE (NO. 1).

Suffolk. December 6, 1990. - January 7, 1991.

Present: LIACOS, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Juvenile Court*, Jurisdiction. *Jurisdiction*, Juvenile Court. *Practice, Criminal*, Transfer hearing, Appeal by Commonwealth. *Supreme Judicial Court*, Superintendence of inferior courts.

General Laws c. 278, § 28E, does not authorize the Commonwealth to appeal from a judge's finding of no probable cause at a juvenile transfer hearing [52]; the remedy for any alleged error is a proceeding for relief in the Supreme Judicial Court pursuant to G. L. c. 211, § 3 [52].

In a proceeding by the Commonwealth for relief under G. L. c. 211, § 3, this court declined to decide whether, at a transfer hearing, the judge in the juvenile session of a District Court erred in finding probable cause on only so much of a first degree murder delinquency complaint as alleged delinquency by reason of manslaughter, where the judge had properly determined that the juvenile was amenable to rehabilitation in the juvenile justice system. [52-54]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 28, 1990.

The case was reported by *Greaney*, J.

*Adrienne C. Lynch*, Assistant District Attorney (*Rosemary D. Mellor*, Assistant District Attorney, with her) for the Commonwealth.

*Eileen D. Agnes* (*Anthony J. DeMarco* with her) for the juvenile.

*Anthony J. DeMarco*, for Children's Law Center of Massachusetts, amicus curiae, submitted a brief.

*Anthony M. Traini*, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

O'CONNOR, J. The juvenile was complained of as being delinquent by reason of murder. Subsequently, a judge of the District Court conducted an evidentiary hearing pursuant to

G. L. c. 119, § 61 (1988 ed.), to determine whether the juvenile should be retained in the juvenile justice system or, instead, the delinquency complaint should be dismissed, a criminal complaint should issue, and the juvenile should be bound over to the Superior Court for trial as an adult. Under c. 119, § 61, at such a hearing, generally known as a transfer hearing, the judge must first consider whether probable cause exists to believe that the child committed the offense charged. If the judge finds probable cause, then the judge is required to consider whether the child presents "a significant danger to the public as demonstrated by the nature of the offense charged and the child's past record of delinquent behavior, if any, and is not amenable to rehabilitation as a juvenile."

Here, after an evidentiary hearing limited to the probable cause question, the judge found probable cause as to "so much of the complaint as allege[d] manslaughter." By not finding probable cause as to murder, the judge precluded the Commonwealth from proceeding further with that charge either in a juvenile session of the District Court or in criminal proceedings in the Superior Court. Following the probable cause determination, the judge conducted a further hearing which resulted in his determination that the juvenile should be retained in the juvenile justice system.

The Commonwealth thereafter sought relief in this court pursuant to G. L. c. 211, § 3 (1988 ed.). The relief sought consisted of an order that would stay further proceedings in the District Court, would vacate the probable cause determination and substitute a determination of probable cause as to murder, would vacate the determination that the juvenile should remain in the juvenile justice system, and would remand the case to the District Court judge for further consideration of the transfer question in light of there being probable cause as to murder. A single justice of this court denied relief to the Commonwealth after a hearing. He reasoned that the Commonwealth was barred by Mass. R. Crim. P. 15 (a) (3) (A), 378 Mass. 882 (1979), applicable to the District and Juvenile Courts, from appealing from the District Court

judge's determination that there was probable cause only to
the extent of manslaughter. Rule 15 (a) (3) (A) provides in
relevant part that "[n]o appeal may be taken of matters aris-
ing out of a probable cause hearing." The single justice fur-
ther reasoned that, if the Commonwealth is barred from ap-
pealing the judge's probable cause determination, "it would
also appear that the Commonwealth, in a case like this,
should not be able to seek extraordinary relief under G. L. c.
211, § 3 to reverse a finding made at a probable cause hear-
ing involving a juvenile." The Commonwealth's remedy, if
one is called for, the single justice concluded, lies in the cor-
rection of rule 15 (a) (3) (A) or G. L. c. 119, § 61, and not
in the invocation of this court's extraordinary power under G.
L. c. 211, § 3. The single justice reserved and reported the
case to the full court.[1] Although our reasoning differs from
that of the single justice, we agree with his conclusion that
relief should be denied. We agree that this is not a proper
case for the exercise of our c. 211, § 3, superintendency
power.

The Commonwealth is not barred by Mass. R. Crim. P. 15
(a) (3) (A) from appealing from a judge's finding of no prob-
able cause in a juvenile transfer hearing. The "probable
cause" hearing referred to in the provision of rule 15 that
"[n]o appeal may be taken of matters arising out of a proba-
ble cause hearing" is the hearing that is required to deter-
mine whether there is probable cause to hold an accused
adult defendant for trial. G. L. c. 276, § 38. See G. L.
c. 218, § 30. The "no appeal" provision of the rule does not
govern the probable cause aspect of a juvenile transfer hear-
ing. Rule 15 only governs interlocutory appeals, as its title,
"Interlocutory Appeal," suggests. The judge's determination
that there was no probable cause as to the murder charge
disposed of the murder charge with finality. The judge's or-
der was not interlocutory. The situation would be otherwise

---

[1]We acknowledge the briefs submitted by the Children's Law Center of
Massachusetts and the Massachusetts Association of Criminal Defense
Lawyers as amici curiae.

if the accused had been an adult because the adverse probable cause determination would not have been final. The Commonwealth is not precluded by an adverse probable cause determination in an adult criminal matter from seeking a grand jury indictment based on the same evidence presented at the probable cause hearing. *Burke* v. *Commonwealth*, 373 Mass. 157, 161-162 (1977).

Our conclusion that the Commonwealth is not barred by Mass. R. Crim. P. 15 (a) (3) (A) from appealing from an adverse probable cause determination after a transfer hearing does not mean that the Commonwealth has a right of appeal. The source of the Commonwealth's appellate rights is G. L. c. 278, § 28E (1988 ed.). See *Commonwealth* v. *Babb*, 389 Mass. 275, 282 (1983). Section 28E provides in relevant part: "An appeal may be taken by and on behalf of the commonwealth by the attorney general or a district attorney from the district court to the appeals court in all criminal cases from a decision, order or judgment of the court (1) allowing a motion to dismiss an indictment or complaint, or (2) allowing a motion to suppress evidence." Although the judge's probable cause determination in this case, which effectively precluded further proceedings with respect to the murder charge, might be analogized to the dismissal of a complaint, it is not the same thing, and appeal is not authorized by the statute.

General Laws c. 211, § 3, provides that this court "shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." The Commonwealth asserts that the judge's probable cause determination constitutes error, and we have concluded that the Commonwealth has no remedy through appeal. It may fairly be arguable, therefore, that we should inquire as to whether the judge erred with respect to the probable cause issue.

Nevertheless, we decline to give extraordinary relief in this case. We decline because it seems to us highly unlikely that our resolution of the probable cause question either way would affect the ultimate critical determination concerning

whether the juvenile will remain in the juvenile justice system or be bound over to the Superior Court. We should not exercise our extraordinary superintendence power when our decision would be of little more than academic interest.

This case arises out of a death by stabbing. While the juvenile's brother was engaged in, and apparently losing, a fist fight with the victim at a carnival, the juvenile, according to the evidence at the transfer hearing, ran toward the victim and stabbed him with a knife. Having heard the detailed testimony of numerous witnesses at the probable cause phase of the transfer hearing, so that he was fully informed of the nature of the offense, the judge then conducted a further hearing bearing on the question whether the juvenile presented "a significant danger to the public as demonstrated by the nature of the offense charged and the child's past record of delinquent behavior, if any, and is not amenable to rehabilitation as a juvenile" as provided in G. L. c. 119, § 61. Based on all the evidence he heard, the judge concluded that the juvenile should remain in the juvenile justice system.

The Commonwealth does not contend that the judge's conclusion was unwarranted, but only that, if the judge were to be instructed that there was probable cause as to murder, on remand he might transfer the juvenile to the adult system. In addition, the Commonwealth argues that, even if the juvenile were not to be transferred, the Commonwealth should not be deprived of an opportunity to try the juvenile on the charge of delinquency by reason of murder. We think that it is highly unlikely that a determination by us that the judge's probable cause assessment was erroneous would cause the judge to change his mind about whether the juvenile is amenable to rehabilitation in the juvenile system and presents a significant danger to the public. Also, as a practical matter, if the juvenile were to remain in the juvenile system it would seem to make little difference whether he is tried for delinquency by reason of murder or of manslaughter. Therefore, we agree with the single justice that the Commonwealth is not entitled to relief under G. L. c. 211, § 3. The order of the

single justice staying proceedings in the District Court is vacated. Judgment is to enter in accordance with this opinion.

*So ordered.*