The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Raymond C. NOLINE, Defendant–Appellee.

No. 93CA0316.

Colorado Court of Appeals, Div. II.

Oct. 6, 1994.

Rehearing Denied Nov. 10, 1994.

Certiorari Granted April 24, 1995.

A. William Ritter, Jr., Dist. Atty., Everett Engstrom, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge CRISWELL.

■ This appeal presents the question whether the People may prosecute a defendant by grand jury indictment after a prior felony complaint charging the same offenses is dismissed by the county court because the People failed to establish probable cause that the defendant committed the offenses charged. The People appeal from the district court's judgment dismissing such an indictment against the defendant, Raymond C. Noline. We hold that prosecution under the indictment would be improper under these circumstances, and therefore, we affirm the district court's judgment of dismissal.

The defendant was originally charged by felony complaint with attempted first degree sexual assault and second degree burglary. At a preliminary hearing before the county court, the investigating officer testified that defendant admitted that he had had a fantasy of having sex with the victim and that he had decided to realize his fantasy. He told the officer that he had broken into the victim's

**2**

house with the intention of having sex with her. However, when he confronted the victim and she became frightened and distraught, he realized that reality did not match his fantasy, and he changed his mind. The victim ran out the front door, screaming for help, while the defendant ran out the back door.

The county court found that the evidence failed to show the requisite probable cause that defendant had intended to sexually assault the victim; rather, the court concluded that defendant had entered the victim's home with the idea of achieving a sexual liaison with her and that such idea was delusional "and one which a reasonable person would not expect." The court, therefore, found probable cause only as to the lesser offense of first degree criminal trespass, and it dismissed the sexual assault and burglary charges.

The People did not appeal the county court's determination under Crim.P. 5(a)(4)(IV), nor did they seek to file a direct information in the district court as permitted by Crim.P. 7(c)(2).

Instead, the day after the conclusion of the preliminary hearing, the People presented the matter to the grand jury. The People make no claim that they presented any information to the grand jury that had not previously been presented to the county court. The grand jury returned a true bill against the defendant for attempted first degree sexual assault and second degree burglary, the same offenses previously dismissed by the county court. On that same day, the People dismissed the pending first degree criminal trespass charge.

Defendant moved to dismiss the indictment returned, asserting that the People were precluded from submitting evidence to a grand jury on a charge that had been dismissed for lack of probable cause by the county court. The district court agreed and dismissed the indictment.

On appeal, the People assert that the district court erred in dismissing the charges. While they concede that successive prosecutions by felony complaint or direct information are restricted under existing Colorado law, they argue that, because the statutes and procedural rules do not explicitly prohibit the People from submitting charges to a grand jury after a finding of no probable cause by a court, no such restriction exists. They support this assertion by arguing that the grand jury has independent investigative and charging powers under the Colorado Constitution and that a finding of no probable cause by a county court at a preliminary hearing cannot bar a subsequent grand jury indictment on the same charges, even though no additional evidence upon those charges is presented.

The People's arguments are not persuasive.

There are two specific constitutional provisions that address the manner in which criminal prosecutions may be commenced in Colorado.

First, Colo. Const. art. II, § 8, provides that:

*Until otherwise provided by law,* no person shall, for a felony, be proceeded against criminally otherwise than by indictment [subject to certain exceptions not applicable here]. In all other cases, offenses shall be prosecuted criminally by indictment or information. (emphasis supplied)

Second, Colo. Const. art. II, § 23, grants to the General Assembly the authority to "change, regulate or abolish the grand jury system."

These two provisions grant broad authority to the General Assembly to determine the method and manner in which criminal prosecutions are to be commenced. *Losavio v. Robb,* 195 Colo. 533, 579 P.2d 1152 (1978); *Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969).

■ In addition, the supreme court can regulate criminal procedures under the general rule-making authority granted to it by Colo. Const. art. VI, § 21. In the case of any conflict between a statute and a supreme court rule with respect to the commencement of criminal proceedings, however, it is the statute that governs. *De'Sha v. Reed,* 194 Colo. 367, 572 P.2d 821 (1977).

Pursuant to the foregoing constitutional authority, the General Assembly has provided that a felony prosecution may be commenced either (1) by having a grand jury return an indictment, (2) by a district attorney filing an information in the district court, or (3) by a district attorney filing a felony complaint in the county court. In addition, it has provided that the procedures for felony complaints are to be governed by rules adopted by the supreme court. Section 16–5–101, C.R.S. (1986 Repl.Vol. 8A). Similarly, the manner and time for demanding a preliminary hearing are to be in accord with such rules. Section 16–5–301(1), C.R.S. (1994 Cum.Supp.).

In case of a prosecution by indictment, the district court is authorized to review the evidence relied upon by the grand jury and to dismiss the indictment if that court determines that the record does not support the grand jury's finding of probable cause. Section 16–5–204(4)(k), C.R.S. (1986 Repl.Vol. 8A).

In addition, if the People present evidence upon an allegation of criminal wrongdoing to the grand jury, but that body returns a no true bill, the grand jury cannot make further inquiry into the transaction "unless the [district] court finds, upon a proper showing by the prosecuting attorney, that the prosecuting attorney has discovered additional evidence relevant to such inquiry" not previously presented to the grand jury. Section 16–5–204(4)(e), C.R.S. (1986 Repl.Vol. 8A).

The rules adopted by the supreme court with respect to the procedures governing felony complaints and informations contain similar and parallel provisions.

If the People file a felony complaint in the county court, the defendant is entitled to a preliminary hearing in that court. If the court, after such a hearing, determines that there is probable cause to believe that defendant committed the felony charged, the defendant is bound over to the district court for trial, and the felony complaint is treated as an information, or the People may file an information in that court without obtaining its consent. Crim.P. 5(a)(4)(III); Crim.P. 7(b)(3)(II) and 7(b)(4).

If the county court determines that no probable cause exists for the charge alleged in the felony complaint, the People may appeal that determination to the district court in an attempt to have the dismissed charge reinstated. Crim.P. 5(a)(4)(IV). In the alternative, the People may also seek to refile the charge in the form of a direct information with the district court. In this instance, however, it must be demonstrated by a written statement "that evidence exists which for good cause was not presented by the prosecutor at the preliminary hearing" before the county court. Crim.P. 5(a)(4)(V); Crim.P. 7(c)(2).

Finally, the People may elect to obtain the consent of the district court to file a direct information in that court without first filing a felony complaint in the county court. If they do so, the defendant is entitled to a preliminary hearing in the district court. Section 16–5–301(1); Crim.P. 7(h)(1). In such case, if the district court finds no probable cause for the charge, the People may appeal from the resulting dismissal. Crim.P. 7(h)(4). Alternatively, the People may seek to refile the information, but only upon a showing that evidence exists which for good cause was not presented at the preliminary hearing. Crim.P. 7(c)(2) and 7(h)(5).

■ Under the statutes adopted by the General Assembly and the rules promulgated by the supreme court, then, if a court determines that the evidence presented by the People in a preliminary hearing fails to establish probable cause, the People cannot refile either a felony complaint or a direct information without demonstrating the existence of additional evidence not previously considered.

■ Likewise, if a grand jury returns a no true bill, evidence upon that charge cannot again be presented to the grand jury absent a judicial determination that the People have discovered additional evidence that the grand jury did not consider.

Hence, it is undisputed that, here, the People were prohibited from recommencing the prosecution of defendant either by a felony complaint or by a direct information, unless they were prepared to make that requisite

showing. They argue, however, that they could recommence such criminal proceedings by seeking an indictment from the grand jury without the necessity of showing their possession of further evidence not considered by the county court. We disagree.

The Colorado courts have long recognized that the various statutory and rule provisions with respect to the prosecution of felonies within this state:

> are parts of one system, governed by one spirit and policy, and must be construed, if possible, so as to be consistent and harmonious one with the other and in their several parts.

*People v. Gibson*, 53 Colo. 231, 237, 125 P. 531, 533 (1912) (context of various statutes had effect of authorizing Attorney General to prosecute crimes although there was no express authorization therefor). *See also People ex rel. Farina v. District Court*, 184 Colo. 406, 521 P.2d 778 (1974) (implying restriction against preliminary hearing in district court in absence of express restriction).

Further, one such "spirit and policy" of both the pertinent statutes and rules is that, once the People fail to establish the existence of probable cause to believe that a defendant has committed an offense, such a defendant cannot be subjected to subsequent refilings, unless the People can demonstrate the existence of additional evidence not previously considered.

The existence of such a uniform policy has been recognized by our supreme court in several instances.

In *Thomas v. County Court*, 198 Colo. 87, 596 P.2d 768 (1979), our supreme court exercised its original constitutional authority to prohibit a county court from holding a preliminary hearing on charges which had been the subject of a previous indictment, but for which the district court had found there was no probable cause. Because the People had failed to assert before the county court that they were in possession of additional evidence that had not been presented to the grand jury, further attempts at prosecution were barred, the supreme court concluding that:

> This provision [respecting the requirement for additional evidence if the grand jury returns a no true bill] clearly requires that, if the grand jury has determined that no probable cause exists to charge a person with commission of a crime, 'additional evidence' is required before there can be any further investigation by that body. The obvious purpose of the provision is to protect those persons suspected of committing a crime from being harassed by the state. It is in accord with a basic principle of due process which prohibits the state, with all its power, from repeatedly attempting without justification to prosecute a person, thereby disrupting his life and subjecting him to multiple court appearances and unwarranted anxiety.
>
> The same due process principles must apply to the situation before us where the district court, instead of the grand jury, finds that probable cause is lacking. We therefore hold that once the district court has determined that the evidence before the grand jury cannot support the indictment, further prosecution by *any* method is barred until the district court finds that additional evidence exists which would establish probable cause.

*Thomas v. County Court, supra*, 198 Colo. at 90–91, 596 P.2d at 770–771 (original emphasis).

It should be noted that there is no *express* prohibition barring the People's filing of either a felony complaint or a direct information in the circumstances that existed in *Thomas*. The terms of the pertinent statutes, however, are sufficient to evidence a substantial, general policy that the supreme court felt constrained to enforce, even in the absence of such a specific prohibition.

Later supreme court opinions have reemphasized the force of this nonharassment policy.

In *People v. Freiman*, 657 P.2d 452, 454 (Colo.1983), for example, which was decided when the criminal rules did not provide for an appeal by the People from a county court's finding of no probable cause, the supreme court said:

> If the county court dismisses a charge after holding a preliminary hearing under

Crim.P. 5(a)(4), the *exclusive remedy* available to the prosecution is to request leave to file a direct information in the district court. (emphasis supplied)

That rule was again applied in *Holmes v. District Court,* 668 P.2d 11 (Colo.1983).

While the rules now permit an additional remedy—an appeal of the county court's determination to the district court—neither the rules nor the statutes have been amended so as to authorize the commencement of grand jury proceedings in such circumstances.

We recognize that the policy enunciated in our rules and statutes and implemented by such decisions as *Thomas, Freiman,* and *Holmes,* has not been adopted in other jurisdictions. Other courts have, therefore, allowed a grand jury to indict after a judicial dismissal of a criminal charge for lack of probable cause.

This result has sometimes been based upon the principle that a finding of no probable cause is not an adjudication of innocence and is, therefore, not binding upon the prosecution. *See State v. Eaton,* 462 A.2d 502 (Me.1983); *People v. Uhlemann,* 9 Cal.3d 662, 108 Cal.Rptr. 657, 511 P.2d 609 (1973).

In *Burke v. Commonwealth,* 373 Mass. 157, 365 N.E.2d 811 (1977), the court emphasized that, under Massachusetts law, no appeal can be taken from a court's finding of no probable cause. Hence, unless the prosecution is allowed to proceed before the grand jury in such circumstances, it would have no way in which to remedy an improper judicial determination upon the point.

Further, in the federal system, unlike the procedure established by § 16–5–204(4)(k), a court has no authority to go behind a grand jury indictment to determine whether such indictment is based on probable cause; the return of the indictment constitutes a conclusive determination that probable cause exists. Hence, a commissioner's determination to the contrary cannot preempt the grand jury's function. *United States v. Kysar,* 459 F.2d 422 (10th Cir.1972).

Unlike the procedures applicable in these other jurisdictions, in Colorado, the People have been given the right to appeal from an adverse determination by the county court after a preliminary hearing, *see* Crim.P. 5(a)(4)(IV), and there is, therefore, no necessity for them to resort to the grand jury in such circumstances. Further, both the Colorado statutes and court rules contain positive restrictions against further proceedings after a finding of no probable cause either by a court or by a grand jury, which restrictions have not been adopted by these other jurisdictions. Consequently, these cases relied on by the People are not persuasive as to the manner in which our statutes and rules should be interpreted.

Here, the procedure adopted by the People was designed to circumvent Colorado's important public policy of nonharassment. If the People considered the county court's dismissal to be erroneous, they could have appealed from that order to the district court. Not having done so, they cannot recommence the prosecution of defendant, irrespective of the means chosen for such prosecution, without demonstrating that they possess further evidence not previously considered by the county court. Because they admittedly failed to make such a demonstration, the trial court properly prohibited their further prosecution of defendant.

Judgment affirmed.

PIERCE *, J., concurs.

TAUBMAN, J., dissents.

Judge TAUBMAN, dissenting.

I respectfully dissent.

As the majority correctly sets forth, the General Assembly by statute and the supreme court by rule have established three separate procedures to limit refiling of criminal charges against a defendant. First, if the county court determines that no probable cause exists for a charge alleged in a felony complaint, the People may appeal that determination to the district court in an attempt to

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

have the charge reinstated, *see* Crim.P. 5(a)(4)(IV), or the People may seek to refile the charge as a direct information with the district court. In the latter case, however, the People must present new evidence and show good cause why such evidence was not presented at the county court preliminary hearing.

Second, if no complaint was filed against the accused person in the county court and with the consent of the district court, the People may file a direct information in that court. If the district court finds no probable cause for the charge, the People either may appeal from the resulting dismissal, *see* Crim.P. 7(h)(4), or may seek to refile the information upon demonstrating good cause why new evidence was not presented at the preliminary hearing.

Third, if a grand jury returns a no true bill, it cannot return an indictment concerning the same transaction and defendant unless the district court finds that the prosecuting attorney has discovered additional evidence not previously presented to the grand jury. *See* § 16–5–204(4)(e), C.R.S. (1986 Repl.Vol. 8A).

However, no statute or rule expressly addresses the situation presented here—whether a charge dismissed at a county court preliminary hearing can form the basis for a subsequent grand jury indictment. This issue is one of first impression for our appellate courts.

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. Words and phrases should be given effect according to their plain and ordinary meaning. To effectuate the legislative intent in a reasonable manner, a statute must be read and considered as a whole. Where possible, the statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo. 1986). The same principles obtain when we are asked to construe the relationship between statutes and rules addressing the same issue.

Viewing this scheme as a whole, I note that the General Assembly has limited successive grand jury proceedings against a particular defendant to circumstances in which new evidence is presented. Similarly, the supreme court, through Crim.P. 5 and 7, has established procedures to limit the filing of successive judicial proceedings against a particular defendant. Significantly, however, neither the General Assembly nor the supreme court has chosen to adopt procedures concerning the circumstances presented in this case.

Here, the county court found there was no probable cause to support charges set forth in a felony complaint against defendant for first degree sexual assault and second degree burglary. The People chose not to appeal that finding to the district court or to refile the charges in the form of a direct information with the trial court. Rather, they elected to present the case to the grand jury, which returned an indictment against defendant for those same charges. Nothing in the statutes nor the rules of criminal procedure prohibit the People from taking this course of action.

*Thomas v. County Court,* 198 Colo. 87, 596 P.2d 768 (1979), cited by the majority, is distinguishable. There, the supreme court prohibited the holding of a county court preliminary hearing on charges which had been the subject of a previous grand jury indictment, but which the district court had dismissed for lack of probable cause. The *Thomas* court held that once a district court had determined that there was no probable cause to proceed against the defendant, further proceedings would constitute harassment and were barred by due process principles.

Here, by contrast, the only finding that there was probable cause was that made by the district court following the grand jury indictment. Thus, although two proceedings were brought against defendant, there was no district court proceeding indicating lack of probable cause to proceed.

Other cases relied upon by the trial court are also distinguishable. In *People v. Freiman,* 657 P.2d 452 (Colo.1983) and *Holmes v. District Court,* 668 P.2d 11 (Colo.1983), decided before Crim.P. 5 and 7 were amended, the supreme court stated that the exclusive

remedy available to the prosecution following dismissal of charges at a county court preliminary hearing was to request leave to file a direct information in the district court. However, neither of these cases considered whether a grand jury could return an indictment following the dismissal of charges at a county court preliminary hearing.

The overwhelming weight of authority in state courts is that a finding of no probable cause at a preliminary hearing does not bar a grand jury from returning an indictment against a particular defendant for the same charges based upon the same facts and circumstances. *See State v. Eaton*, 462 A.2d 502 (Me.1983) (collecting cases); *People v. Uhlemann*, 9 Cal.3d 662, 108 Cal.Rptr. 657, 511 P.2d 609 (Cal.1973); *Burke v. Commonwealth*, 373 Mass. 157, 365 N.E.2d 811 (1977); *Beard v. State*, 369 So.2d 769 (Miss.1979).

Federal courts have reached similar results. *See United States v. Dobbs*, 506 F.2d 445 (5th Cir.1975); *United States v. Kysar*, 459 F.2d 422 (10th Cir.1972).

Indeed, as one commentator has observed:

A finding of no probable cause at a preliminary hearing is not generally regarded as a bar to presentation of the same charges to a grand jury. Several states have statutes or court rules stating that a finding of no probable cause at the preliminary hearing does not bar further proceedings, including the submission of an indictment to the grand jury. In states in which the matter is not addressed by statute, the courts have generally concluded that there is no reason to prohibit or restrict the submission of the charges to the grand jury.

1 S. Beale & W. Bryson, *Grand Jury Law and Practice* § 6:41 (1986).

Accordingly, I would hold that the grand jury can return an indictment against defendant on the same charges that were dismissed at the county court preliminary hearing against him. In my view, the General Assembly or the supreme court is free to adopt procedures to deal with the situation presented here; we should not act when they have chosen not to do so.

Because no statute or rule in this state prohibits the grand jury's presentation of an indictment following a finding of no probable cause at a county court preliminary hearing, the judgment of the trial court should be reversed and the case remanded for further proceedings pursuant to the indictment.