Alicia BYRD and Robert Claudell, Plaintiffs–Appellees,

v.

John F. STAVELY, Honorable Judge of the County Court in and for the County of Boulder, 20th Judicial District; and Thomas Reed, Honorable Judge of the County Court in and for the County of Boulder, 20th Judicial District, Defendants–Appellants.

No. 04CA0450.

Colorado Court of Appeals, Division A.

May 5, 2005.

Student Legal Services, Philip Bienvenu, Ned R. Jaeckle, Boulder, Colorado, for Plaintiff–Appellee Alicia Byrd.

No Appearance for Plaintiff–Appellee Robert Claudell.

Mary T. Keenan, District Attorney, Catrina M. Weigel, Deputy District Attorney, Boulder, Colorado, for Defendants–Appellants.

Opinion by: Judge TAUBMAN.

Two county court judges, John F. Stavely and Thomas Reed (collectively county courts), appeal the district court's order granting the C.R.C.P. 106 motions of defendants, Alicia Byrd and Robert Claudell, to have their criminal cases tried by a jury without being required to follow statutory procedures that apply to petty offenses. We affirm.

The principal issue in this appeal is whether a defendant charged with driving while ability impaired (DWAI), a misdemeanor, must comply with the requirements of § 16–10–109(2), C.R.S.2004, to have his or her case tried by a jury. This inquiry requires a determination of whether a first-time DWAI charge is classified as a petty offense or a serious offense for purposes of a defendant's Sixth Amendment right to a jury trial. To make this determination, we interpret § 42–4–1301, C.R.S.2004, which defines various offenses for driving under the influence of drugs or alcohol.

The district court determined that DWAI is a serious offense for Sixth Amendment purposes. We conclude that DWAI is a petty offense under the Sixth Amendment, but, nevertheless, under the statutory scheme,

first-time DWAI defendants need not comply with the requirements of § 16–10–109(2).

## I. Background

In separate incidents in 2002, Byrd and Claudell were charged with DWAI. Both defendants appeared at their arraignments pro se and pleaded not guilty.

Subsequently, the county court held a case management conference and set Byrd's case for a jury trial. Approximately ten days later, she retained counsel. A motions hearing was held, and the county court reset her jury trial date.

Claudell retained counsel before his case management conference, and the county court set his case for a jury trial.

The People moved to vacate both jury trials based on Byrd's and Claudell's failure to comply with § 16–10–109(2), which requires a defendant charged with a petty offense who wants a jury trial to make a written request and pay a twenty-five dollar fee within ten days of arraignment.

The county courts in both cases granted the People's motions based upon their determination that the offense charged was a "petty offense" under § 16–10–109(1), C.R.S. 2004, and therefore, Byrd and Claudell were not entitled to jury trials because they failed to comply with the requirements of § 16–10–109(2).

Byrd and Claudell petitioned the district court for review pursuant to C.R.C.P. 106(a)(4), which provides relief, inter alia, when a county court has exceeded its jurisdiction or abused its discretion. After filing his C.R.C.P. 106 motion, Claudell moved to join his case with Byrd's, and the district court granted the motion.

The district court determined that the Sixth Amendment guaranteed Byrd and Claudell jury trials because the offense they were charged with was a "serious offense," not a "petty offense," under § 16–10–109(1). The district court concluded that the county courts' rulings were erroneous and remanded the cases for jury trials unless defendants formally waived their right to a jury trial.

Although Claudell is still a party to this appeal, Byrd was the only party to file an answer brief. Accordingly, we will refer only to her arguments.

## II. C.R.C.P. 106

The county courts contend that the district court erred in ruling that C.R.C.P. 106 motions were the appropriate form of relief for Byrd and Claudell. We disagree.

C.R.C.P. 106(a)(4)(I) directs the reviewing court to determine whether a lower tribunal has exceeded its jurisdiction or abused its discretion. The reviewing court must uphold the decision of the lower tribunal unless there is no competent evidence in the record to support it. However, because the district court performs no factfinding and we engage in the same type of record review, we review the district court's decision de novo. *Carney v. Civil Serv. Comm'n*, 30 P.3d 861 (Colo. App.2001).

■ Relief in the nature of prohibition issued by a district court under C.R.C.P. 106 is a civil appeal even though it involves an underlying issue of criminal law. *Thomas v. County Court*, 198 Colo. 87, 596 P.2d 768 (1979). C.R.C.P. 106(a)(4) provides relief in the nature of prohibition where any lower judicial body has exceeded its jurisdiction or abused its discretion and no plain, speedy, and adequate remedy is otherwise provided by law. However, C.R.C.P. 106 provides for review of a county court's disputed ruling only if it is procedural. *Abbott v. County Court*, 886 P.2d 730 (Colo.1994); *Enos v. Dist. Court*, 124 Colo. 335, 238 P.2d 861 (1951).

In *Zaharia v. County Court*, 673 P.2d 378 (Colo.App.1983), a division of this court recognized that a writ in the nature of prohibition may issue when a county court rules on a procedural issue as a matter of law. In *Zaharia*, the division reiterated that a district court may not review a county court's finding of probable cause at a preliminary hearing pursuant to C.R.C.P. 106 because the rule does not provide for review of factual findings. *See People v. Dist. Court*, 652 P.2d 582 (Colo.1982). However, the division concluded that it was proper for the district

court to review whether the county court abused its discretion by refusing to allow the recall of a witness at the preliminary hearing. The recalling of a witness does not involve factual findings, but instead, involves a rule of law regarding the procedural aspects of a preliminary hearing. *Zaharia, supra.*

Initially, we note that Byrd contends that because the county court failed to object to the C.R.C.P. 106 motion in district court, it waived that objection on appeal. *See Crum v. April Corp.,* 62 P.3d 1039 (Colo.App.2002). However, the county court argued against the propriety of the C.R.C.P. 106 proceeding in the district court, and therefore, that contention fails.

Here, Byrd and Claudell were denied the right to a jury trial for not complying with the procedural requirements of § 16–10–109(2) that apply to a petty offense.

The county courts' procedural rulings were based on a matter of law, not fact. Specifically, the county courts determined that the DWAI charges against Byrd and Claudell were a petty offense under § 16–10–109(1). Accordingly, relief pursuant to C.R.C.P. 106 was appropriate. *See People v. Dist. Court,* 953 P.2d 184, 187 (Colo.1998) ("prohibition may issue to prevent a court from ... proceeding against the express prohibition of a statute," quoting *Bustamante v. Dist. Court,* 138 Colo. 97, 107, 329 P.2d 1013, 1018 (1958), *overruled in part on other grounds by County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1977)).

Furthermore, Byrd and Claudell were without a plain, speedy, or adequate remedy. Although the county courts contend that Byrd and Claudell should have obtained review pursuant to Crim. P. 37, that rule provides for appellate review only after a county court renders final judgment. The district court found, and we agree, that it would have been inefficient and prejudicial to force Byrd and Claudell to obtain a final ruling after a bench trial in county court and then to file a direct appeal before the district court to determine whether they had a constitutional right to a jury trial. Byrd and Claudell would have been forced to bear the expense of going to trial and filing an appeal. They also would have exposed their trial strategies and witness testimony to the prosecution, even though a successful appeal would have resulted in an order for a new trial by jury. *See Shore v. Dist. Court,* 127 Colo. 487, 258 P.2d 485 (1953) (where court's consolidation of two defendants' criminal trials was erroneous, issuance of writ of prohibition was proper to prevent delay and expense of a retrial of each defendant); *People ex rel. Lackey v. Dist. Court,* 30 Colo. 123, 69 P. 597 (1902) (no plain, speedy, and adequate remedy available to party entitled to change of venue before proceeding to trial).

Although C.R.C.P. 106 has not been utilized in Colorado to review a county court's denial of a defendant's constitutional right to a jury trial, we conclude that it is the proper remedy. Our conclusion is consistent with the decisions of courts in other states addressing this issue. *See Turner v. Bayly,* 673 A.2d 596 (D.C.1996) (extraordinary writ of mandamus is appropriate when defendant's right to a jury trial has been denied); *Heidrich v. State,* 490 So.2d 1306 (Fla.Dist. Ct.App.1986) (petition for writ of prohibition or mandamus was appropriate remedy where defendants were denied the right to a jury trial for charge of driving under the influence of alcohol); *State ex rel. Rose v. Hoffman,* 227 Ind. 256, 85 N.E.2d 486 (1949) (writ of mandate appropriate where a defendant in a criminal case is denied the constitutional right to a jury trial because if denial is improper, trial court loses its jurisdiction to proceed); *State ex rel. Callahan v. Santucci,* 210 W.Va. 483, 557 S.E.2d 890 (2001) (petition for writ of prohibition or mandamus appropriate remedy where defendant was denied a jury trial because he failed to request it within the time allotted by statute).

Accordingly, the district court correctly considered the relief sought by Byrd and Claudell pursuant to C.R.C.P. 106.

### III. Right to Trial by Jury

The county courts next contend that the district court erred in determining that DWAI was not a petty offense under § 16–10–109(1), and therefore, Byrd and Claudell were guaranteed the right to a jury trial by the Sixth Amendment. We disagree. Al-

though DWAI, by itself, is a petty offense, under the existing statutory scheme, first-time DWAI defendants are treated as though the offense were serious under the Sixth Amendment.

## A. Petty Offense Under Sixth Amendment

■ The Sixth Amendment affords defendants in criminal cases the right to a jury trial except where they are charged with a petty offense. U.S. Const. amend. VI; *Blanton v. City of North Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). However, Colorado has expanded the right to a jury trial to include petty offenses as long as the defendant satisfies certain procedural requirements. Section 16–10–109(2); *Garcia v. People,* 200 Colo. 413, 615 P.2d 698 (1980).

To determine whether an offense is serious or petty for Sixth Amendment purposes, we look to legislative intent. The severity of the penalties imposed reflects the level of seriousness with which the General Assembly regards the offense. *See Blanton, supra.*

Section 16–10–109(1) defines a petty offense as "any crime or offense classified as a petty offense or, if not so classified, which is punishable by imprisonment other than in a correctional facility for not more than six months, or by a fine of not more than five hundred dollars, or by both such imprisonment and fine." However, the Supreme Court has determined that the length of incarceration is the most significant factor in determining whether an offense is petty or serious for purposes of the Sixth Amendment. *See United States v. Nachtigal,* 507 U.S. 1, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993) (a monetary penalty is far less intrusive than incarceration).

■ In determining whether an offense is serious or petty for purposes of the Sixth Amendment right to a jury trial, the court must examine "objective indications of the seriousness with which society regards the offense." *Blanton, supra,* 489 U.S. at 541, 109 S.Ct. at 1292 (quoting *Frank v. United States,* 395 U.S. 147, 148, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969)). The most relevant criterion is the maximum authorized penalty, which includes both the maximum prison term and any other punishment. However, the primary emphasis must be placed on the possible incarceration period, and therefore, offenses that authorize a maximum period of incarceration of six months or less are presumptively petty. *Blanton, supra.* A defendant can overcome this presumption only by showing that the additional penalties, viewed together with the maximum authorized incarceration period, are so severe that the legislature intended that the offense be deemed serious for purposes of the Sixth Amendment. *Nachtigal, supra.*

In *State v. Hamm,* 121 N.J. 109, 577 A.2d 1259 (1990), the defendant was charged with his third driving while intoxicated (DWI) offense. The possible penalties for a third DWI offense in New Jersey included 180 days incarceration, a $1,000 fine, 10–year driver's license suspension, and up to 90 days of community service. Although the latter penalties could have been imposed in addition to the 180–day incarceration period, the court concluded that the legislature had not so " 'packed' [the DWI] offense with onerous penalties" as to clearly reflect a legislative determination that DWI is a serious offense requiring a jury trial. *Hamm, supra,* 577 A.2d at 1267.

Here, Byrd and Claudell were charged with DWAI under § 42–4–1301(1)(b), C.R.S. 2004, which provides, "It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state." A first-time offender's penalty for a DWAI is set forth in § 42–4–1301(7)(b)(I), C.R.S.2004, which specifies:

(A) Imprisonment in the county jail for not less than two days nor more than one hundred eighty days . . . ; and

(B) In the court's discretion, a fine of not less than one hundred dollars nor more than five hundred dollars; and.

(C) Not less than twenty-four hours nor more than forty-eight hours of useful public service, the performance of the minimum period of which shall be mandatory, and the court shall have no discretion to suspend the mandatory minimum period of performance of such service.

The district court determined that the penalty for a first-time DWAI qualified the offense as serious because the defendants faced a maximum length of imprisonment of 180 days plus 48 hours of public service, and therefore, the penalty was longer than 6 months. However, we conclude that the additional 48 hours of community service is not a sufficiently severe penalty to overcome the presumption that a first-time DWAI in Colorado is a petty offense. *See People v. Antkoviak,* 242 Mich.App. 424, 619 N.W.2d 18, 39 (2000) ("While community service is, in a broad sense, punitive, it is not naturally imposed on individuals who commit serious offenses. Instead, community service is viewed as a lesser sanction, with less of a stigma than incarceration.").

Nevertheless, Byrd contends that because the penalties for DWAI vary depending upon the circumstances surrounding the offense, she was exposed to possible penalties that far exceeded the 180–day incarceration period for a petty offense. Specifically, Byrd asserts that a defendant charged with DWAI who has a prior conviction for DWAI, DUI, DUI per se, habitual user, or vehicular homicide or who had a blood alcohol content of .20 or more, faces a maximum sentence of one year in jail. Section 42–4–1301(7)(a)(III)(B), (b)(II)(A) & (b)(III)(A), C.R.S.2004.

However, the *Blanton* Court rejected a similar contention, stating, "[W]e ascribe little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace and, in any event, petitioners do not face such penalties here." *Blanton, supra,* 489 U.S. at 545, 109 S.Ct. at 1294. Although the Court considered only recidivist penalties, the Court's logic applies equally to other circumstances such as increased penalties for higher blood alcohol levels.

Accordingly, we conclude that a first-time DWAI offense, taken by itself, is a petty offense for constitutional purposes.

### B. Statutory Scheme

■ Upon considering the statutory scheme for offenses involving driving under the influence of drugs or alcohol, however,

we conclude that the General Assembly intended that alleged first-time DWAI offenders, such as Byrd and Claudell, be exempt from the requirements of § 16–10–109(2) to have their cases tried by a jury.

■ In construing statutes, our duty is to give effect to the intent of the General Assembly, looking first to the plain language of the statute. *Vigil v. Franklin,* 103 P.3d 322 (Colo.2004). However, we will not follow a statutory interpretation that will lead to an illogical or absurd result, and therefore, we strive to construe a statute as a whole to give consistent, harmonious effect to all its parts. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585 (Colo.2005).

Section 42–4–1301 sets forth the offenses of driving under the influence, driving while impaired, and driving with excessive alcohol content. Section 42–4–1301(7), C.R.S.2004, sets forth the penalties for these offenses. Although the penalties vary for these offenses depending upon the fact of any prior convictions for similar offenses or the level of the individual's blood alcohol, first-time DWAI is the only offense that carries a penalty with the maximum possible incarceration of only 180 days. All other offenses in this section provide for a possible maximum incarceration period of more than 180 days. *See, e.g.,* § 42–4–1301(7)(a)(I) ("every person who is convicted of DUI, DUI per se, or habitual user shall be punished by ... [i]mprisonment in the county jail for not less than five days nor more than one year"); § 42–4–1301(7)(b)(II) ("[u]pon conviction of a second or subsequent offense of DWAI, an offender shall be punished by ... [i]mprisonment in the county jail for not less than forty-five days nor more than one year").

Because the majority of offenses described in this section entail a maximum possible penalty of more than 180 days, defendants charged with committing those offenses are automatically entitled to a jury trial under the Sixth Amendment. *See Blanton, supra.* Consequently, the only defendants charged under § 42–4–1301 who might be required to request a jury trial pursuant to § 16–10–109(2) are those charged with a first-time

DWAI. We conclude from the General Assembly's placement of numerous alcohol-and-drug-related offenses in a single statute that it intended first-time DWAI offenses also to be entitled to a jury trial.

Moreover, because the penalties in the statutory scheme for offenses involving driving under the influence of drugs· or alcohol are dependent upon circumstances that may not be known by the court at the time of the defendant's arraignment, it would be illogical to interpret §§ 16–10–109(2) and 42–4–1301 as requiring only first-time DWAI offenders to request and pay for a jury trial.

When a defendant is charged with a petty offense and is not represented by counsel at the arraignment, the court is required to advise the defendant of the right to a jury trial and the requirements for obtaining one. Section 16–10–109(3), C.R.S.2004, sets forth the advisement requirements for a defendant's arraignment for any petty offense, as defined by § 16–10–109(1), C.R.S.2004. It provides in relevant part:

> At the time of arraignment for any petty offense in this state, the judge shall advise any defendant not represented by counsel of the defendant's right to trial by jury, of the requirement that the defendant, if he desires to invoke his right to trial by jury, demand such trial by jury in writing within ten days after arraignment . . . and of the requirement that the defendant . . . tender to the court within ten days after arraignment . . . a jury fee of twenty-five dollars
> . . . .

Section 16–10–109(3) assumes that the judge giving the advisement is aware of which offenses are petty and which are serious for the purposes of obtaining a jury trial. However, as demonstrated by our above analysis, that distinction is not always straightforward.

For example, Byrd and Claudell, who were not represented by counsel when they were arraigned, were each given the identical general advisement. The county courts' advisement provided:

> Your rights with respect to your case are . as follows: You have the right to plead not guilty and have a trial to the [c]ourt or a jury trial. Some of you are charged with minor offenses and you'll have to make a written request for a jury trial, pay a jury fee, and do both of those things within 10 days [o]f today's date in order to have a jury trial.

However, it did not specify what offenses were "minor" or petty and thus required a written jury trial request and payment of a fee.

These practical difficulties reinforce our conclusion that the General Assembly intended that all defendants charged with an offense under § 42–4–1301 are entitled to a jury trial without having to comply with the requirements in § 16–10–109(2). We believe that this construction gives effect to all parts of the statute and eliminates uncertainty at arraignments in advising defendants who are charged with different offenses with disparate . potential penalties under § 42–4–1301.

Consequently, we conclude that none of the offenses listed in § 42–4–1301 is considered petty for the purposes of § 16–10–109, and. therefore, defendants are not required to comport with that section to obtain a trial by jury. · .

The judgment of the district court is affirmed.

Chief Judge DAVIDSON and Judge NEY* concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.